Harry JAMES, Petitioner,

v.

**STATE INDUSTRIAL COMMISSION**
et al., Respondents.

No. 37560.

Supreme Court of Oklahoma.

March 5, 1957.

Harry James, pro se.

Pierce, Mock & Duncan, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

This is a proceeding by Harry James, petitioner herein, to review an order of the State Industrial Commission awarding him an attorney fee for services rendered claimant in a compensation proceeding.

The record discloses that on March 23, 1955, Mary Bowen, hereinafter referred to as claimant, filed a claim for compensation against Butler-Sparks Equipment Company and its insurance carrier for an accidental injury alleged to have been sustained by her while in the employ of the equipment company on the 9th day of October, 1954.

She employed petitioner as her attorney to represent her in that proceeding. Petitioner represented her up to a certain point when claimant became dissatisfied with his services and dismissed him. Petitioner then filed his claim with the State Industrial Commission for allowance of attorney fee for the time he represented claimant in which he alleges that he was employed by claimant as her attorney on or about November 10, 1954, to represent her in the above proceeding. He had an oral agreement and contract with her for twenty per cent of all money received by her in such proceeding. He did represent her until June 11, 1955, which made a total of appproximately seven months, when he was dismissed by claimant. During the said seven months period he had conferences with claimant on various and numerous

occasions having at least one conference per week of said period; that twice during said period the insurance carrier terminated payments to her but resumed such payments after he had a conference with the insurance company's attorney relative to claimant's physical condition. He had numerous conferences with doctors relative to claimant's condition and obtained the doctors' evidence and reports as to her condition and disability.

Thereafter and on the 31st day of July, 1955, claimant, without the aid of counsel, entered into a joint petition settlement agreement with her employer and its insurance carrier whereby she agreed to settle her claim for the sum of $3,300, including a reasonable attorney's fee to be fixed by the Commission. The joint petition settlement agreement was thereafter approved by the Commission in the absence of petitioner and without notice to him and claimant was awarded compensation in the sum of $3,300 and petitioner's attorney fee was fixed at $300. Petitioner brought that case to this Court for review and contended that the attorney fee allowed him was inadequate and did not constitute a reasonable attorney fee for the services rendered; that the fee was fixed in his absence, without notice to him and without an opportunity given him to be heard on his claim. We sustained the contention and held that the Commission erred in fixing petitioner's attorney fee ex parte, vacated the order and remanded the cause to the State Industrial Commission with directions to grant petitioner a hearing on his application and to award him a reasonable attorney fee for services rendered in accordance with the evidence presented at such hearing. James v. State Industrial Commission, Okl., 297 P.2d 1092.

Upon receipt of the mandate the Commission set the case for hearing on petitioner's application for attorney fee. Petitioner did not testify at that hearing. It was however not denied by respondents that petitioner rendered the services as alleged in his application and the case was tried on the

theory that he did render such services. Petitioner offered the evidence of two lawyers, members of the Oklahoma County Bar, both of whom had had experience in handling cases before the State Industrial Commission, and after being informed by hypothetical question as to the nature and extent of the services rendered each of said lawyers testified that in his opinion a reasonable attorney fee to petitioner for his services would be twenty per cent of the total recovery. It was the legal duty of the Commission to fix a fair and reasonable attorney's fee. 85 O.S.1951 § 30.

Respondents offered the evidence of a lawyer, also a member of the Oklahoma County Bar, who testified that in his opinion, in answer to a question based on the services rendered by petitioner, a reasonable fee for the services rendered by petitioner would be about $250.

Under this evidence the trial judge awarded petitioner an attorney fee in the sum of $300, the same amount as was awarded him in the prior proceeding. Petitioner brings the case here to review this order and contends that it is not sustained by the evidence and that the fee allowed him is inadequate for the services rendered.

The trial judge who presided at this hearing also presided at the former hearing and had knowledge of the nature and extent of the services rendered in that case by petitioner. He is presumed to have some knowledge of the value of the services rendered by attorneys in compensation cases. The evidence as to what constitutes a reasonable fee for services rendered by petitioner in the original case is conflicting. The trial judge had a right to call to his assistance and use his own knowledge and experience in connection with the evidence in the case in determining and fixing petitioner's fee. Suttle v. Chadwell, 196 Okl. 298, 164 P.2d 880; Helmerich & Payne, Inc., v. State Industrial Commission, 187 Okl. 335, 102 P.2d 586.

The trial judge after considering the evidence and all the circumstances in

the case entered an order fixing petitioner's fee at $300. We cannot say that there is no competent evidence to sustain such order. It therefore will not be disturbed on appeal.

Order sustained.

WELCH, C. J., and DAVISON, JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.