**FIREMAN'S FUND INSURANCE COM-PANY, Petitioner,**

**v.**

**Claudell OVERTON and the State Industrial Court, Respondents.**

**No. 44180.**

Supreme Court of Oklahoma.

Sept. 14, 1971.

Rehearing Denied Dec. 14, 1971.

James G. Grennan, Oklahoma City, for petitioner.

E. W. Keller, Oklahoma City, for respondents.

JACKSON, Justice.

Northeast High School and Capitol Hill School are schools within Oklahoma City School District No. 89. School District No. 89 carried compensation insurance on its school teachers, clerks, and other employees who were compensated out of "appropriated funds."

Claudell Overton, claimant, was employed as a teacher and coach at Capitol Hill High School. Overton, as a qualified football referee, upon request from a principal of a highschool in the Oklahoma City School System (District No. 89), would referee highschool football games. His regular fee or stipend was $20.00 per game which would be paid by the "host" school from its Student Activity Fund. The Student Activity Fund is a "non-appropriated fund", although it is under the control of the school board of District No. 89. 70 O.S.Supp.1963, Sec. 4–33.1.

Overton sustained a heart attack on October 10, 1969, while refereeing a game between Star Spencer High School and (host) Northeast High School. He was paid $20.00 by Northeast High School from its Student Activity Fund for refereeing the game.

Overton filed a Workmen's Compensation Insurance claim and the Industrial Court entered an award for claimant on April 7, 1970, and the insurance company, Fireman's Fund Insurance Company, has petitioned this court for review.

The decisive question is whether the insurance policy provided protection for employees compensated out of Northeast High School's "non-appropriated" Student Activity Fund.

It is admitted that football refereeing is not classified as hazardous in the Workmen's Compensation Act. 85 O.S.1961, Sec. 2. Overton's salary as a teacher and coach at Capitol Hill High School was paid from appropriated funds and was used as a basis for computing the premium to be paid by District 89. It is admitted that Fireman's Fund Insurance Company would be liable if claimant Overton had suffered a heart attack while engaged in teaching or coaching at Capitol Hill High School. 85 O.S.1961, Secs. 65.2 and 65.3.

The premium basis for teachers and clerks, as shown in the policy (salaries), is in excess of $15,000,000, and the insur-

ance rate thereon is .14¢ per $100.00 of remuneration. The premium basis (salaries) for "All other Employees" is $5,168,112 and the insurance rate is $2.56 per $100.00 of remuneration.

The Chief Accountant for Oklahoma City School Board (District 89) testified that he participated in preparing the estimated payroll audit for premium purposes on this policy, and supplied the insurance company auditor the payroll data that is audited for premium purposes. He gave the insurance company auditor the payroll which is paid from appropriated funds. He did not include the payroll of any employees who might receive compensation from non-appropriated funds such as the Student Activity Funds.

The Senior Premium Auditor for the insurance company produced a copy of the insurance policy in question and testified that Student Activity Funds were not included in the policy as a basis for premium charges "nor is any anticipated under the current policy with respect to the activity fund." He further testified that in prior policy years no Student Activity Fund of any of the highschools in District 89 had ever been considered or used in determining the amount of premium to be paid by the District. He further testified that the only contract Mr. Overton (claimant) had which was taken into consideration in arriving at premiums to be charged was his teaching and coaching contract at Capitol Hill High School.

On claimant's cross examination of the company's Senior Premium Auditor the following questions were asked, and answers given.

"Q. Mr. Boyd (auditor), it says on the policy that the employees are to be included within the terms and benefits on the front page, are professional employees, teachers or clerical, and then it uses the language 'all other employees'?

"A. Yes.

"Q. So anybody in the School District or system of the Oklahoma County

School System who would be an employee would be held within the terms covered by this policy?

"A. Yes, that is correct.

"Q. In other words, I take it that assuming for a hypothetical question that should Mr. Overton be held in this instance to be an employee, then on this year's audit, you surely will take into consideration those funds of the special activity funds that is going to be used in the hiring of personnel to do activities such as he was doing refereeing of the games; is that right?

"A. The contract of Mr. Overton is included for premium charges. However, the only contract which refers to his being an instructor at Capitol Hill is the one taken into consideration in arriving at premiums charged on those earnings. Those are the only earnings taken into consideration, are those earned on a contract basis. All earnings of his, under the terms of his contract, are used in computing for premium purposes.

"Q. In other words, Fireman's Fund is the one who determines on what basis the audit is made and from what fund or groups of funds or monies the audit is based upon; is that correct:

"A. That is correct."

█ The last question and answer is only partially true. Where all of an employer's employees are engaged in hazardous employment, as defined in the Workmen's Compensation Act, and the employer applies for insurance on all of his employees, clearly the insurance company would have the right to include the total payroll, from whatever fund an employee was paid, as the basis for premium charges. However, where as here, some of the District's employees are engaged in hazardous employment and others are not, the district clearly has a right to exclude from insurance protection those who are not engaged

in hazardous employment. In this case the District voluntarily elected to include teachers and clerks for insurance protection. We know this because they were named by classification and their salaries (payable from appropriated funds) were included on the face of the policy for premium purposes.

The designation on the face of the policy of "All other Employees" is very general. These employees are not identified by name or by class of employment on the face of the policy. The only way to determine who, and what class of employees are included in this group, is to examine the payroll (in this case a $5,168,112 payroll) to see who and what class of employees were included for insurance purposes. When this is done it becomes evident that the District did not provide insurance for employees compensated out of student activity (non-appropriated) funds, else these funds would have been included in the payroll shown on the face of the policy. The fact that Student Activity Funds have not been included in the payrolls for premium purposes in prior years has evidentiary value, especially, where as here, there is no evidence that they were left out by inadvertence. In Continental Supply Co. v. Levy (1926), 121 Okl. 132, 247 P. 967, we said where a contract refers to and makes the conditions of another instrument (here the payroll as a basis for premiums) a part of it, the two will be construed together as the agreement of the parties.

In Fuller White Chevrolet Company v. Graham (1960), Okl., 355 P.2d 557, we held:

"Where the record in a compensation case discloses an obligation of the employer to pay and the right of the insurer to collect a premium for claimant the claimant is covered by the estoppel provisions of title 85 O.S.1951, § 1 et seq." (85 O.S.1961, Secs. 65.2 and 65.3)

It must follow where the record in a compensation case discloses no obligation of the employer to pay, and no right of the insurer to collect a premium for claimant, the claimant is not protected by the estoppel provisions of 85 O.S.1961, §§ 65.2 and 65.3.

The Claimant introduced in evidence his teacher employment contract which provides:

"If, by mutual agreement, Teacher performs additional services (as required by the Board of Education of District) at any time during the year in any of District's special program(s), the compensation to be paid to Teacher for such additional services will be at the rate set forth in the salary plan established by District for such special program(s), such compensation to be paid from funds received and set aside for such purpose."

In connection with the quoted provision of claimant's teacher employment contract the school district's Chief Accountant testified that "special programs" are usually financed by "special funds" received from the Federal Government. He also testified that "special funds" when received would be deposited with the school district treasurer, appropriated by the County Excise Board, and paid out of an appropriated fund. It is apparent from this testimony and other testimony that claimant was not engaged in a "special program" when umpiring the football game and he was not compensated out of appropriated "special funds."

Claimant invites our attention to Barney U. Brown & Sons v. Savage (1953), 208 Okl. 668, 258 P.2d 183. In that case Brown & Sons operated an oil and gasoline business in Oklahoma City and a feed and grain business in Enid, Oklahoma. Brown & Sons' compensation insurance contract specifically covered only its employees engaged in the oil and gasoline business, but in the schedule of employees upon which premiums were computed and paid claimant Savage (an employee of the grain and feed business) was listed as an employee. In holding in favor of the claimant we quoted 85 O.S.1961, §§ 65.2 and 65.3, and held where compensation insurance premiums

are paid, collected, or the employee's employment is considered or used in determining the amount of the premium collected, coverage is effected through a conclusive presumption in favor of the employee. That case is not helpful since in the instant case no insurance premiums were paid or collected on employees of the Student Activity Funds, and claimant Overton's employment as a football referee was not considered or used in determining the amount of the premium to be charged or collected.

■ For the reasons stated we conclude that the insurance contract did not provide protection for Overton as an employee of the Student Activity Fund of Northeast High School.

Claimant Overton contends that the order of the trial judge should be sustained and held to be final. This contention is based upon the proposition that "All Parties Affected" by the trial judge's decision were not properly joined as parties in Petition for Review.

We adopted new Rules of Appellate Procedure to become effective on January 1, 1970. 12 O.S.Supp.1970, Chap. 15, App. 2, Part III(b) sets forth the proceedings to review a decision of the State Industrial Court. Rule 1.102 states that all parties joining in the petition for review shall be designated as "petitioner."

In the instant case Fireman's Fund Insurance Company is designated as the Petitioner. Oklahoma City School District No. 89 (the employer) is not designated as a party joining in the petition for review.

Rule 1.101 provides that proceedings to review a decision of the Industrial Court shall be commenced by: "(a) Filing a petition for review * * *. The following instruments shall be attached to the petition for review * * *:

"1. A certified copy of the decision sought to be reviewed, and

"II. If the proceeding is brought by the employer or his insurance carrier from a decision awarding benefits to claimant, a certificate by the Secretary of the State Industrial Court stating that the party taking the appeal has on file an approved statutory bond.

"On compliance with these requirements, the proceeding shall stand perfected and all parties to the proceeding in the tribunal as well as the State Industrial Court shall be considered as parties to the appeal. Any defect in taking a proceeding, other than failure timely to file a petition for review, must be disregarded unless a substantial right of the complaining party is affected, and no such defect, if correctible, shall result in dismissal of the appeal."

Rule 1.103(f) provides that the Petition for review should set forth "a brief outline of the relief sought."

In the instant case the relief sought in Petition for Review was that this court review the proceedings, awards and orders made by the Industrial Court and that "said Orders and awards be vacated, set aside and helf for naught."

■ The awards and orders were against the insurance company and the school district, and these were the awards and orders sought to be vacated, set aside and held for naught. The relief sought is for and on behalf of the school district and the insurance company. It is broad enough and sufficient to include the school district as a party to the "appeal" under Rule 1.101, supra. In effect a petition for review, timely and properly filed in this court in compliance with Rule 1.101, simply transfers the action to this court for review. The only jurisdictional requirements to bring the case to this court are set forth in Rule 1.101. Failure to designate in the caption, "all parties joining in the petition for review" is not a jurisdictional defect. Decisions of this court regarding joinder of parties on appeal rendered prior to the adoption of Rules 1.101 and 1.102, supra, are not controlling.

The claim in this case (Form 3) was styled Claudell Overton, Claimant vs. Northeast Highschool and Fireman's Fund American, Respondent and Insurance Car-

rier, respectively. At the opening of the hearing before the trial judge the claimant asked for and obtained permission to amend the claim to show that the proper respondent is Independent School District No. 89, and that the proper insurance carrier is Associated Indemnity Corporation. The evidence shows that Firemen's Fund Insurance Company is the insurance carrier.

Notwithstanding the foregoing the order of the Industrial Court is captioned Northeast Highschool, Respondent, and Fireman's Fund American, as the Insurance Carrier. While we are authorized to correct clerical errors, or cause them to be corrected, it is unnecessary for us to do so in this case since the award must be vacated.

The award in favor of claimant is vacated.

BERRY, C. J., DAVISON, V. C. J., and BLACKBIRD, IRWIN, HODGES, and McINERNEY, JJ., concur.

WILLIAMS and LAVENDER, JJ., dissenting.