OKLAHOMA DEPARTMENT OF TRANSPORTATION and the State Insurance Fund, Petitioners,

v.

William L. BARNES and the Workers' Compensation Court, Respondents.

No. 76297.

Court of Appeals of Oklahoma, Division No. 3.

June 25, 1991.

Rehearing Denied Aug. 28, 1991.

Certiorari Denied Oct. 22, 1991.

John R. Schneider, State Ins. Fund, Oklahoma City, for petitioners.

Albert M. Morrison, Antony C. Link, Oklahoma City, for respondents.

## MEMORANDUM OPINION

GARRETT, Presiding Judge:

William L. Barnes (Claimant) filed a Form 3 in the Workers' Compensation Court on October 28, 1986, alleging he sustained a heart attack arising out of and in the course of his employment with the Oklahoma Department of Transportation (Employer). Per order dated November 10, 1987, Claimant was found to be 65% permanently partially disabled to the body as a whole due to injury to the heart and was awarded compensation for 325 weeks at $163.00 per week. At the time of the order, 62.5 weeks had already accrued. A lump sum was paid in the amount of $10,-187.50. Claimant's attorney was awarded an attorney fee of $10,595.00, to be paid in a lump sum, to be deducted from Claimant's award. Claimant did not seek review of this order.

Claimant subsequently filed a motion to reopen his claim for change of condition for the worse as a result of the prior injury to his heart. Per order dated August 27, 1990, the Workers' Compensation Court found Claimant to be permanently and totally disabled (PTD), as a result of a change in physical condition for the worse

due to that injury. The court awarded him compensation at the rate of $217.00 per week from August 2, 1990, and continuing until further order of the court. The court also found that the November 13, 1987, order had not been paid in full, and ordered that completion of payment of it be held in abeyance upon satisfaction of payment of the order for PTD. Claimant's attorney was awarded an attorney fee in the amount of $21,700.00. This fee was commuted to a lump sum, to be deducted from Claimant's weekly payments at the rate of 10% per week until recouped by Employer. On September 20, 1990, Claimant died.

Employer is the petitioner in this review proceeding. The only issue in this review proceeding is the amount of attorney fees in the order awarding PTD benefits. Employer contends the trial court erred because (1) the award of additional fees "absent quantum meruit" is contrary to law; (2) the fee awarded in this "clearly uncontested matter" is excessive and shocking to the conscience; and, (3) the failure to allow credit for fees previously paid results in excessive fees that are contrary to law.

First, Employer contends the parties agreed to an attorney fee of $1000.00, and that there is no evidence, similar to that of a hearing under *State ex rel. Burk v. City of Oklahoma City,* 598 P.2d 659 (Okl.1979). Employer states that 85 O.S.1981 § 30 requires attorney fees to be determined on a quantum meruit basis, and absent evidence to support the fee, it was awarded in error. Employer contends there is a "narrative statement" in the record to show what occurred at the August 2, 1990, hearing. This statement, in the form of a transcript, will not be considered by this court, as it was not prepared according to Civil Appellate Rule 1.22. It appears to be nothing more than a statement of counsel and will be considered as nothing more than that. There is no evidence to show that the fee awarded is not reasonable. Pursuant to 85 O.S.1981 § 30, a fee may not exceed 20% of the total award in permanent disability cases. Compensation of $217.00, to be paid for 500 weeks, see 85 O.S.1981 § 41(A), causes the

20% attorney fee to be $21,700.00, as awarded by the court. Absent evidence to the contrary, we do not find the fee to be unreasonable.

■ Employer argues that the amount of the fee awarded is unreasonable and excessive because it has no chance to recoup the lump sum fee, because the unaccrued portion of the award abated at Claimant's death. See 85 O.S.1981 § 41(C). Employer also argues, in proposition three, that the trial court should have credited the attorney fee awarded in the order under review by the attorney fee awarded in the 1987 order. It contends that because the latter award was based upon 500 weeks of compensation, and the earlier one was based upon 325 weeks, Claimant was paid attorney fees based upon 825 weeks of permanent disability, in contravention of 85 O.S.1981 § 41(A). We do not agree. Workers' compensation law is not based on common law or traditional notions of equity. It is based on statute.

Employer has cited no authority to support the theory that credit must be given. Additionally, 85 O.S.1981 § 28, the statute addressing change of condition, provides in part: "No such review shall effect such award as regards any money already paid." Employer cited *Chamberlain v. American Airlines*, 740 P.2d 717 (Okl.1987), stating the Supreme Court recognized the possibility that an award might abate before complete recoupment by Employer had occurred. However, as noted by Employer herein, the Supreme Court did not decide the issue. However, we find the rationale of *Chamberlain* dispositive of the issues in this case. Therein, the Supreme Court stated that the Workers' Compensation Act provides for "a court-approved contingent-fee arrangement by which attorney fees are to be paid from the claimant's award. Such attorney fees are necessarily post-judgment awards because the claimant must prevail before attorney fees may be imposed." 740 P.2d at 720. (Footnote omitted).

Such attorney fees are fees which have been earned for services rendered. It is not in the nature of a prepayment. When the attorney fee in the present case was commuted to a lump sum of $21,700.00, the trial court established that amount as the value of services rendered to Claimant. A contingent fee arrangement is one whereby attorney and client agree that the attorney will be compensated by a percentage of the recovery. See *Black's Law Dictionary*, 5th Edition. This represents a fee earned for services rendered. When the fee was commuted, Claimant's attorney's right to receive a periodical payment was converted into the right to receive a fixed payment. The fact that Employer can recoup a lump sum attorney fee in PTD cases, by receiving 10% of each periodic payment, does not mean that the entire attorney fee award was not due, or accrued, at the time it was awarded. In other words, the means of recoupment of a lump sum attorney fee award by Employer does not dictate, or change, the nature of the award. We find no error in the trial court's award of the lump sum attorney fee in the order on review. The 1987 order was not appealed.

The order of the Workers' Compensation Court is SUSTAINED.

HUNTER, C.J., and HANSEN, J., concur.