**In The Matter of the DEATH OF Arthur O. WHITE, Deceased.**

**Verna Lee WHITE, Surviving Spouse, Petitioner,**

**v.**

**WOODS COUNTY DISTRICT NO. 3, STATE INSURANCE FUND, and the Workers' Compensation Court, Respondents.**

**No. 77228.**

Court of Appeals of Oklahoma, Division No. 1.

Feb. 25, 1992.

---

Fred L. Boettcher and Walt Brune, Boettcher & Brune, Ponca City, for petitioner.

Robert Highsaw, State Ins. Fund, Oklahoma City, for respondents.

## MEMORANDUM OPINION

ADAMS, Judge:

This appeal presents two questions: (1) whether attorney fees may be recouped from permanent total disability awards revived pursuant to 85 O.S.1981 § 48, and, if so, (2) whether the basis for recoupment is the sum due under § 48 or that set in the original award.

Petitioner (White) is the dependent widow of Claimant Arthur O. White, deceased. Claimant was found to have sustained a work-related back injury on February 14, 1984. He was awarded temporary total disability benefits by an order of the Workers' Compensation Court filed April 15, 1985 which was affirmed by the three-judge panel by an order filed June 24, 1985.

On January 11, 1988 the Workers' Compensation Court entered an order finding Claimant permanently totally disabled and setting benefits at $212.00 per week. On October 11, 1988 a $21,200 attorney fee award was commuted to a lump sum, and recoupment of the fee was set at 10% of the weekly payments. Claimant died on September 25, 1989 from causes unrelated to his work injury.

White moved to revive the permanent total disability award pursuant to § 48. The Workers' Compensation Court set the benefit payable at $50.00 per week, the maximum amount allowable by § 48, and ordered recoupment of the attorney fee at 10% of the revived sum. On appeal, the three judge panel vacated the recoupment portion of the trial court order and entered an order of recoupment based on the original $212 per week permanent total disability award.

White argues recoupment of attorney fees from revived awards is not authorized by statute, but, in the alternative, if recoupment is allowed it must be based upon the revived award. Respondent (Fund) argues, without citation of authority, recoupment must be based upon the original permanent total disability award.

■ This view fails to consider the rule that statutes must be construed together, *Chamberlain v. American Airlines*, 740 P.2d 717 (Okla.1987). Section 48 does not exist in a vacuum. It is part of a statutory scheme which includes 85 O.S.1981 § 30. Section 30 addresses the particular subject matter of costs, including attorney fees and provides, in pertinent part:

> Claims for legal services for permanent total disability awards may be paid in a lump sum which shall be *deducted from the periodic compensation payment at a rate of ten percent (10%) per payment* until the attorney fee is satisfied. [Emphasis added.]

Where a general statute such as § 48 makes no mention of an issue and the issue is addressed by a statute which prescribes terms and conditions of a particular subject matter and was enacted for the primary purpose of dealing with that particular subject, the specific statute prevails over the general statute. *State ex rel. Williamson v. Evans*, 319 P.2d 1112 (Okla.1957); *Wise v. Johnson Controls, Inc.*, 784 P.2d 86 (Okla.App.1989); *See also Taylor v. Special Indemnity Fund*, 804 P.2d 431 (Okla.1990).

■ The permanent total disability award existed because of the efforts of the attorneys and its abatement and revival does not alter that fact. White's "award" has no independent basis. Rather, it is completely dependent upon the award of permanent total disability benefits to Claimant. It is that permanent disability award which is revived and made payable to White, subject to the limits on the amount set forth in § 48. Recoupment from that award continues to be payable until the attorney fee has been fully recouped.

■ Just as § 30 authorizes recoupment, its terms limit recoupment as well. By

those terms, recoupment is set at 10% of the periodic compensation payment. White's periodic compensation payment is $50.00 per week, and recoupment is limited to 10% of that amount.

The order of the three-judge panel must be vacated because the recoupment ordered exceeds the amount allowable by law. This matter is remanded for an order consistent with the views expressed in this opinion.

VACATED AND REMANDED WITH INSTRUCTIONS.

GARRETT, P.J., and BAILEY, J., concur.