**SPECIAL INDEMNITY FUND, Petitioner,**

v.

**Ava FLAGG, and the Workers' Compensation Court, Respondents.**

No. 77818.

Supreme Court of Oklahoma.

March 23, 1993.

Fred Nicholas, Jr., and David Custar, State Insurance Fund, Oklahoma City, for petitioner.

Jack G. Zurawik, Tulsa, for respondents.

HODGES, Chief Justice.

The sole issue in this case is whether the Workers' Compensation Court erred in awarding attorney fees of $17,300.00 based on a five-year award of $173.00 per week against the Special Indemnity Fund (Fund). We find that the Workers' Compensation Court did err.

On May 19, 1988, Ava B. Flagg (claimant) sustained a work-related injury and was awarded workers' compensation benefits. In May 1990, the claimant sought

compensation against the Fund. The Workers' Compensation Court found that the claimant was permanently and totally disabled and awarded compensation of "$173.00 per week from the date of th[e] order and continuing for a period of five (5) years or until the claimant reache[d] the age of 65 years, which ever [sic] shall come later...." The Workers' Compensation Court also ordered that the claimant's attorney be paid $17,300.00 in a lump sum to be recouped by the Fund by withholding every fifth weekly payment for compensation.

The Fund appealed arguing that the Workers' Compensation Court's finding that the claimant was permanently and totally disabled was not supported by competent evidence and that the Workers' Compensation Court erred in awarding $17,300.00 in attorney fees. The Court of Appeals sustained the order of the Workers' Compensation Court. The Fund petitioned for certiorari raising only the issue of the attorney fees. This Court granted certiorari.

## I.  Attorney fees

■ Section 172 of title 85 of the Oklahoma Statutes provides that awards against the Fund "shall be payable for a period of five (5) years or until the employee reaches sixty-five (65) years of age, whichever period is the longer." Because the claimant was over 63 years of age at the time of trial, the payments in this case shall be paid for five years, that is 260 weeks and 6 days, for total compensation of $45,128.29.

Section 30 provides that legal services "shall be determined by the Court on a quantum merit basis ... and shall not exceed twenty percent (20%) of the amount of the award for permanent disability or death benefits." Twenty percent of the award in the present case is $9,025.66.

In the response to the Petition for Writ of Certiorari, the claimant argues that section 30 allows the attorney to receive 20 percent of 500 weeks of disability in a permanent total disability case. That amount in this case is $17,300.00. We dis-

agree. Section 30 allows the attorney to receive up to 20 percent of the award. If the award is for 500 weeks, the attorney can receive up to 20 percent of 500 weeks of compensation. If the award is only for 260 weeks, then the attorney can only receive up to 20 percent of the 260 weeks of compensation. There is nothing in section 30 which allows an attorney to receive more than 20 percent of the award in a permanent total disability case.

## II.  Standing

■ The claimant also argues that under *Eagle Picher Mining & Smelting Co. v. Lamkin,* 189 Okla. 463, 117 P.2d 519 (1941), the Fund does not have standing to challenge the attorney fees award. Generally, only the claimant has standing to challenge an award of attorney fees. *Id.* The logic behind this rule is that the insurer is liable for the award and attorney fees are not an additional expenditure to the insurer but are paid by the claimant from the award. Therefore, the attorney fees are paid on behalf of the claimant from claimant's funds.

That is not the situation before this Court. The Workers' Compensation Court awarded attorney fees of $17,300.00. Under section 30, the Fund may recoup only $9,025.66 of the attorney fees from the claimant's compensation. Under that court's order, the Fund would be responsible for the $8,274.34 balance from its own resources which could never be recouped from the claimant's award. Because the Fund would have been expending its own funds, rather than the claimant's, for attorney fees, it has standing to challenge the award. *See Oklahoma Alcoholic Beverage Control Board v. Parkhill Restaurants, Inc.,* 669 P.2d 265 (Okla.1983).

Because the award of $17,300 for attorney fees was excessive under Okla.Stat. tit. 85, § 30, we remand the cause to the Workers' Compensation Court for an award of attorney fees consistent with this opinion.

**COURT OF APPEALS' OPINION VACATED;  WORKERS'  COMPENSATION**

**COURT'S ORDER VACATED IN PART; CAUSE REMANDED.**

All the Justices concur.