Gene HIX, Petitioner,

v.

WHITE SWAN FOOD SERVICES, Liberty Mutual Insurance, and the Workers' Compensation Court, Respondent.

No. 85543.

Supreme Court of Oklahoma.

Dec. 18, 1996.

Albert Morrison, Michael Emmons, Oklahoma City, for Petitioner.

Michael G. Coker, Oklahoma City, for Respondents.

HARGRAVE, Justice.

Claimant filed a claim on September 13, 1990, alleging injury to his heart arising out of and in the course of his employment on August 15, 1990. Judge Kim West entered an order on October 23, 1992, finding claimant permanently and totally disabled and awarding benefits. The amount of the attorney fee was not determined. By order of January 6, 1993, Judge West set the attorney fee at $16,401.00, to become vested at the time the award became final, to be paid 20% of the accrued portion of the award, in the lump sum of $3,280.20, and the remaining portion to be paid periodically at the rate of 20% of each weekly check paid to claimant until the attorney fee is satisfied, or to be deducted at the rate of every 5th weekly payment due to claimant.

Claimant's attorney appealed to the court *en banc,* asking that the order of January 6, 1993 be modified to award the maximum attorney fee of $23,100, or that the order be reversed and remanded for a hearing to determine the appropriate attorney fee. The court *en banc* vacated paragraph 12 of Judge Kim West's October 23, 1992 order and awarded the maximum attorney fee of $23,-100, to be paid periodically, by the following order:

"THAT the Court finds that the amount of $23,100 is a fair and reasonable attorney fee for services rendered by claimant's counsel and shall become vested at the time the award herein becomes final. That said attorney fee shall be paid periodically at the rate of 20 per cent of each weekly check paid to claimant, until the attorney fee is satisfied. That at the option and agreement of the parties, said attorney fee may be deducted at the rate of every 5th weekly payment due herein to claimant until the attorney fee is recouped by respondent."

Claimant's attorney filed an appeal in Case No. 81,537, asserting that the attorney fee should be commuted to a lump sum in accord with the laws in effect at the time of injury and the contract between petitioner and his attorney. The Court of Civil Appeals, Division 4, Brightmire J. held that the trial court erred in ordering the attorney fee to be paid periodically because on the date the claimant was injured as well as on the date that he was adjudged permanently and totally disabled, *Chamberlain v. American Airlines,* 740 P.2d 717 (Okla.1987) required that the fee be commuted to a lump sum. The Court of Civil Appeals found that claimant had a vested substantive right to such an award and directed that the claimant be awarded a lump-sum fee after a quantum meruit hearing. The Court of Civil Appeals held:

"We hold that failure to apply the applicable law constituted 'plain error' which, regardless of whether it was raised in the trial court, requires us to vacate the order under review and remand with directions to award the claimant a lump-sum fee *after* conducting a quantum meruit hearing pursuant to 85 O.S.1991 § 30. That part of the order awarding the attorney's fee is therefore vacated and the cause is remanded for further proceedings consistent with the law. Order sustained in part, vacated in part and remanded."

The claimant, Gene Hix, died on June 13, 1993, after receiving 154 weeks of permanent and total disability compensation. After mandate, Judge Porter held an attorney fee hearing at which claimant's attorney asserted that he was entitled to the full amount of

$23,100 previously awarded. Respondents argued that because the claimant died, the attorney's fee was limited to 20% of the amount actually paid to claimant. Judge Porter, by order of November 8, 1994, held that the claimant's attorney, Mike Emmons, should be paid $23,100 in lump sum, less amounts previously paid, as a fair and reasonable attorney fee for services rendered.

Respondents appealed to the workers' compensation court *en banc* on November 21, 1994, arguing that the attorney fee award was not vested at the time of claimant's death because the Court of Civil Appeals opinion had ordered that a lump sum fee be awarded after a quantum meruit hearing. Thus, in Respondents' opinion, the award had not become final.

Respondents argued that because the claimant had received a gross amount of $35,574 before his death, the maximum attorney fee allowable under 85 O.S. § 30 would be 20% of that amount, or $7,114.80. The workers' compensation court *en banc* vacated Judge Porter's order and entered the following order on May 5, 1995:

> "THAT the claimant's attorney, Mike Emmons, shall be paid $7,140.00 (20 per cent of 154 weeks[,] the number of weeks claimant received permanent total disability benefits prior to his death) in lump sum (less amount previously paid) as a fair and reasonable and necessary attorney fee for services reserved therein."

The claimant's attorney then filed the instant appeal, which was assigned to the Court of Civil Appeals. The Court of Civil Appeals dismissed the case, finding that they lacked jurisdiction because claimant's attorney had not prosecuted the appeal in his own name. The Court of Civil Appeals did not address the merits of the case. We granted certiorari previously and now hold: 1) that claimant's attorney had standing to bring the appeal and 2) that the order of the workers' compensation court en banc should be vacated.

## I. STANDING TO APPEAL

The petition for review filed in this court is styled exactly as it was below, with claimant listed as the petitioner. The nature of the decision to be reviewed is the award of attorney fees only. Respondents did not move for dismissal of the petition nor did they argue that it was improperly filed.

Title 85 O.S.1991 § 3.6 outlines appellate procedure in workers' compensation cases. Part B provides:

> "Any party litigant desiring to appeal directly from such order to the Supreme Court, shall, within twenty (20) days after a copy of the order ... has been sent by the Administrator to the parties affected, commence an action in the Supreme Court of the state to review such order, decision, or award.... Such action shall be commenced by filing with the Clerk of the Supreme Court a certified copy of the order, decision or award of the Workers' Compensation Court sitting en banc or Judge attached to the petition by the complaint wherein the complainant or petitioner shall make his assignments or specifications as to wherein said order, decision or award is erroneous or illegal ..."

Rule 1.102, Rules of Appellate Procedure in Civil Cases, provides that all parties joining in the petition for review shall be designated as "petitioner". We have said that form does not rule over substance in evaluating documents filed in this court. *Bane v. Anderson, Bryant & Co.*, 786 P.2d 1230, 1234 (Okla.1989). We previously have deemed non-named parties to be included within an appeal. *See, Vickers v. Boyd,* 836 P.2d 1269 (Okla.1992) and *Fireman's Fund v. Overton,* 491 P.2d 278, 282 (Okla.1971). But see, *Tatum v. Tatum,* 736 P.2d 506 (Okla.1982). This Court previously has corrected the style of a case to reflect the real party in interest. *See also, Tisdale v. Wheeler Bros. Grain Co., Inc.,* 599 P.2d 1104 (Okla.1979).

In *Vickers v. Boyd,* 836 P.2d 1269 (Okla. 1992), a negligence action, the other party's attorney fees were assessed against an attorney who was deemed to have acted oppressively in concealing a witness. That lawyer appealed, but the style of the case remained the same as in the underlying negligence action so that the plaintiffs, although not aggrieved on appeal, were designated "appellants". The Court of Civil Appeals dismissed

the appeal on the grounds that the petition in error was defective because the Vickers were listed as appellants when they were not aggrieved by the order of the trial court. We held that the substance of the appeal revealed that the real party in interest was the attorney Denney. In *Fireman's Fund Ins. v. Overton,* 491 P.2d 278, 282 (Okla.1971), we held that where only the workers' compensation insurer was named as petitioner, the employer would be deemed a party to the appeal although not designated as a party joining in the petition for review.

An early case, *Conrad v. State Industrial Commission,* 181 Okla. 324, 73 P.2d 858 (1937), established that an attorney aggrieved by an award of attorney's fees in a workers' compensation case could appeal in his own right. We said that the State Industrial Commission had exclusive original jurisdiction over the fees to be allowed attorneys in proceedings before it and that when the fee of an attorney is involved in an award, the attorney may maintain an independent proceeding in this court to obtain a review of the award insofar as his rights are affected thereby. In that case the attorney was listed as the petitioner before this court, seeking review of an award made on joint-petition of claimant and employer, where the attorney fee was fixed and approved with notice to him. See cases following *Conrad,* brought in the name of the aggrieved attorney: *Becknell v. State Industrial Court,* 512 P.2d 1180 (Okla.1973); *James v. State Industrial Commission,* 308 P.2d 271 (1957).

In the case at bar, the award to the claimant was not appealed. Every appeal in the case has involved only attorney fees, and both sides were aware of the nature of the appeal in each instance. The filings make clear that the attorney is the aggrieved party seeking relief from this Court. We conclude that the Court of Civil Appeals erred in dismissing the cause.

1. The 1992 and 1994 amendments are not applicable here. Compensation awards are governed by the law in effect when a claimant is injured, not by subsequent statutory amendments. *Knott v. Halliburton Serv.,* 752 P.2d 812—13 (Okla. 1988); *Weber v. Armco, Inc.,* 663 P.2d 1221 (Okla.1983). The employee was injured on Au-

## II. MERITS OF THE APPEAL

The workers' compensation court en banc ruled that the claimant's attorney's fee was limited to 20% of the amount actually received by the claimant prior to his death. Claimant's attorney argues that he is entitled to the entire amount of the $23,100 attorney fee awarded by Judge Porter. Respondents base their argument on a 1992 amendment to Title 85 O.S. § 30 which states that the right to such attorney fees shall be vested at the time the award therefor becomes final. They argue that at the time of the claimant's death, the attorney fee award was not final.

Title 85 O.S.1991 § 30 provides:

"Costs—How Taxed.

... A claim for legal services shall be determined by the Court on a quantum meruit basis; provided, that such claim shall not exceed ten percent (10%) of the amount of the award for temporary disability and shall not exceed twenty percent (20%) of the amount of the award for permanent disability or death benefits ... Claims for legal services for permanent total disability awards or death awards may be paid in a lump sum which shall be deducted from the periodic compensation payments at a rate of ten percent (10%) per payment until the attorney fee is satisfied."

As noted above, section 30 was amended in 1992 to provide that the right to any such attorney fee shall be vested at the time the award therefor becomes final. Section 30 was amended again in 1994 to provide that claims for legal fees for total disability awards shall be paid periodically at the rate of 20% of each weekly check to the claimant until the attorney fee is satisfied, based upon a maximum of four hundred (400) weeks of compensation.[1]

Section 30 is silent regarding the status of attorney fee awards when the claimant dies. Sections 41 and 48 of Title 85 contain provi-

gust 15, 1990, and his petition was filed with the Workers' Compensation Court on September 13, 1990. The amendment providing for periodic payments of attorney fees was not effective until September 1, 1992. *Chamberlain* controls cases such as this which arise before that date.

sions referring to a claimant's death. Section 41(A) provides that in case of the death of claimant due to causes other than his accidental personal injury at any time before payment of the total award is made, the award shall not abate, but shall be revived in favor of the persons determined by the Court to be entitled thereto. Section 41(C) provides that if an employee dies as a result of a compensable injury or occupational disease, any unaccrued portions of an award shall abate. Likewise, § 48 provides that awards to a claimant who dies from causes related to his disability or injury shall abate. Section 48(2) provides that if claimant has been adjudged a permanent totally disabled person prior to his death, and such death has resulted from causes other than his accidental personal injury, the award may be revived and made payable to persons listed therein.

We denied certiorari in a case presenting a similar issue. In *Oklahoma Department of Transportation v. Barnes*, 818 P.2d 923 (Okla.App.1991), the Court of Civil Appeals held that the full amount of a lump sum attorney fee was payable after the claimant's death. The court had awarded a $21,700 attorney fee in a permanent total disability award. The attorney fee was commuted to a lump sum by order of August 27, 1990, to be deducted from claimant's weekly compensation at a rate of 10%. The claimant died less than one month later. The employer appealed, objecting to the amount of the attorney fee awarded and arguing that it abated on the claimant's death. Employer contended that the award of additional fees absent a *quantum meruit* hearing was contrary to law and that the fee was excessive because employer has no chance to recoup the lump sum fee because the unaccrued portion of the award abated at claimant's death, under 85 O.S. § 41(C).

The Court of Civil Appeals, in *Barnes,* relied upon *Chamberlain v. American Airlines, supra,* to determine that the attorney fee awarded was for services rendered and was of necessity a post-judgment award. Hence, it was not in the nature of prepayment, and was due when awarded shortly before claimant's death. They noted that *Chamberlain,* though not deciding the question, recognized the possibility that an award might abate before complete recoupment had been made by employer. The Court of Civil Appeals reasoned that when the attorney fee in the case was commuted to a lump sum of $21,700.00, the trial court had established that amount as the value of services rendered to claimant. When the fee was commuted, claimant's attorney's right to receive a periodic payment was converted into the right to receive a fixed payment. The fact that employer is permitted to recoup a lump sum attorney fee by receiving 10% of each periodic payment does not mean that the entire attorney fee was not due, or accrued, at the time it was awarded. The method of recoupment does not change the nature of the award.

In another Court of Civil Appeals case, *Matter of Death of White*, 827 P.2d 907 (Okla.App.1992), recoupment of attorney fees was allowed from a permanent total disability award that was revived by deceased worker's spouse, but recoupment at 10% was limited to the amounts payable to the spouse, as set forth in 85 O.S. § 48.

In *Batt v. Special Indemnity Fund*, 865 P.2d 1244 (Okla.1993) we held that the attorney fee portion of an award made from the Special Indemnity Fund abated upon the death of the employee pursuant to a specific statute stating that awards against the Fund abated at the claimant's death. Title 85 O.S. § 172.. The case did not involve a lump sum attorney fee award. *See also, Taylor v. Special Indemnity Fund*, 804 P.2d 431 (Okla. 1990).

*Chamberlain* established that attorney fees awarded a workers' compensation claimant determined to have suffered permanent total disability must be commuted to a lump sum. In the case at bar, attorney's first appeal raised only the issue that the fee awarded should have been commuted to a lump sum under *Chamberlain.* The Court of Civil Appeals held that the attorney fee should have been so commuted and found that the attorney had a "vested substantive right" to such an award.. The Court of Civil Appeals then unnecessarily vacated the attorney fee award and remanded with instructions to award a lump sum attorney fee after

a *quantum meruit* hearing pursuant to 85 O.S. § 30. The only issue on appeal had been the method of payment of the attorney fee award.

On remand before Judge Porter, a *quantum meruit* hearing was held and claimant's attorney was awarded $23,100 in a lump sum. The value of the attorney's services had been established by the original order awarding $23,100 as attorney fee in the matter. The only issue then remaining was whether the attorney fee should have been commuted to a lump sum pursuant to *Chamberlain* and the Court of Civil Appeals held that it should have been so commuted.

We rejected the employer's argument in *Chamberlain* that commutation of attorney fees to a lump sum was inequitable in permanent total disability cases because of the possibility that the employer will not be reimbursed for the previously-paid attorneys fees if the claimant recovers from his disability. We find that where, as here, the attorney fee was commuted to a lump sum and the claimant died subsequent to that award, the value of the attorney's services had been established and the court *en banc* erred in reducing that award.

**CERTIORARI HAVING BEEN GRANTED PREVIOUSLY, THE OPINION OF THE COURT OF CIVIL APPEALS IS VACATED. THE ORDER OF THE WORKERS' COMPENSATION COURT EN BANC IS VACATED AND THE ORDER OF THE TRIAL JUDGE IS SUSTAINED.**

HODGES, LAVENDER and WATT, JJ., concur.

ALMA WILSON, C.J., concurs in part; dissents in part.

SUMMERS, J., concurs in part I; dissents in part II.

KAUGER, V.C.J., dissents in part I; concurs in part II.

OPALA, J., with whom SIMMS, J., joins, dissents.

OPALA, Justice, with whom SIMMS, Justice, joins, dissenting.

I would deny certiorari and let the Court of Appeals' *sua sponte* dismissal stand. See *Conrad v. State Industrial Commission*, 181 Okl. 324, 73 P.2d 858, 860 (1937); *Bane v. Anderson, Bryant & Co.*, Okl., 786 P.2d 1230, 1238, 1239–1240 (Opala, V.C.J., dissenting in part) (1990); *Matter of K.L.F.*, Okl., 878 P.2d 1067, 1068 (1994).