1998 OK CIV APP 170

**CITY OF PURCELL and the State Insurance Fund, Petitioners,**

v.

**Phil WILBANKS and the Workers' Compensation Court, Respondents.**

No. 90134.

Court of Civil Appeals of Oklahoma, Division No. 1.

July 15, 1998.

As Corrected July 23, 1998.

Rehearing Denied Aug. 14, 1998.

Certiorari Denied Nov. 18, 1998.

John R. Schneider, State Insurance Fund, Oklahoma City, for Petitioners.

Joe Farnan, Purcell, for Respondent.

JOPLIN, Judge:

¶1 Petitioner City of Purcell and the State Insurance Fund (collectively, Employer) seek review of an order of a three-judge panel of the Workers' Compensation Court affirming the trial court's order awarding attorney's fees to Respondent Phil Wilbanks (Claimant) after granting Claimant's motion to reopen on change of condition for the worse. In this proceeding, Employer asserts the Workers' Compensation Court (1) erred as a matter of law in awarding attorney's fees in the instant case exceeding the statutory maximum under 85 O.S. § 41(A) dictating that "attorney fees shall be based upon not more than a five-hundred-week award," and (2) erred as a matter of fact in awarding clearly excessive fees absent proof of the requisite factors enumerated in *State ex rel. Burk v. City of Oklahoma City,* 1979 OK 115, 598 P.2d 659. Having reviewed the arguments and record in the instant case, however, we find no error as alleged and hold the

order of the Workers' Compensation Court should be sustained.

¶2 In 1990, Claimant suffered an on-the-job injury to back for which he claimed benefits for permanent total disability (PTD). In 1992, the Workers' Compensation Court determined Claimant not PTD, but awarded Claimant benefits for sixty-three percent (63%) permanent partial disability (PPD) to the body as a whole, and consequently granted attorney's fees equivalent to twenty percent (20%) of the award.[1] Neither party appealed.

¶3 In 1995, Claimant filed a motion to reopen on change of condition for the worse alleging he was now PTD, and the Workers' Compensation Court eventually directed Claimant to undergo evaluation by an independent medical examiner and rehabilitation specialist. After hearing in April 1997, the trial court determined Claimant indeed PTD and awarded benefits therefor, but reserved the issue of attorney's fees for future determination.

¶4 At the attorney's fees hearing in May 1997, Claimant first argued Employer had no standing to dispute the attorney's fee award in the present case, Claimant paying the award from his benefits and Employer having no interest in disbursement of Claimant's benefits. Claimant then presented testimony of an expert witness (a workers' compensation attorney/practitioner of some 17 years experience) to the effect that an attorney's fee award of 20% percent of the Claimant's PTD award ($23,100.00 at Claimant's rate of compensation) was not unreasonable under the facts and circumstances of the case and that Employer should not under Oklahoma law, in the witness's legal opinion, be allowed credit for the attorney's fee paid from Claimant's previous award for PPD. Claimant's attorney stated on his own behalf (and without cross-examination by Employer) that although he had not kept precise time records in this contingent fee case, he had nevertheless spent many, many hours in the service of this client and his case since its inception in 1990 and renewal in 1995, justifying an award of the maximum available attorney's fee, i.e., 20% of a 500 week PTD award, or in this case, $23,100.00.

¶5 Employer presented no witnesses, but argued that Oklahoma statute proscribed attorney's fees in PTD cases exceeding 20% of a 500 week award. 85 O.S. § 41(A). Thus, argued Employer, because Claimant's attorney had already received his 20% fee on Claimant's previous 63% PPD order (equivalent to 315 weeks of compensation, 20% of which amounting to about $10,400.00 in attorney's fees), Claimant's attorney's fee in the present reopening case should not exceed 20% of the 37% disability (equivalent to 185 weeks of compensation) difference between the prior order and an order for PTD, that is, that the amount of the previously paid attorney's fee should be deducted from the allowable PTD attorney's fee.

¶6 On consideration of the matter, the trial court first found Employer had standing to dispute the attorney's fee. The trial court then determined Claimant entitled to an award of attorney's fees based on the award of PTD without credit for the fee paid on Claimant's previous award of PPD. Employer appealed to a three-judge panel, and the appellate tribunal unanimously affirmed the order of the trial court. Employer now seeks review as aforesaid.

■ ¶7 As an initial matter, we note Claimant has moved to dismiss Employer's appeal, asserting Employer's failure to join the real party in interest, i.e., Claimant's attorney, to this appeal from the trial court's disposition of the attorney's fee dispute. See, e.g., Batt v. Special Indem. Fund, 1993 OK 163, 865 P.2d 1244. See also, Becknell v. State Industrial Court, 1973 OK 90, 512 P.2d 1180; James v. State Industrial Commission, 1957 OK 41, 308 P.2d 271; Conrad v. State Industrial Commission, 181 Okla. 324, 73 P.2d 858 (1937). Inasmuch as the parties to this appeal obviously entertain no misunderstanding as to the identities of the real parties in interest in this attorney's fee dispute, and Claimant's attorney has ably set

---

1. Claimant obtained commutation of a portion of his award to lump sum, not apparently to pay the attorney's fees in the case, but to pay creditors.

forth his arguments in his answer brief to Employer's brief in chief, we view the omission of Claimant's attorney from the style of this appeal as one of form, not substance, and treat Claimant's attorney as a proper real party in interest to this appeal. *Hix v. White Swan Food Services,* 1996 OK 132, ¶ 13, 930 P.2d 208, 211. Claimant's motion to dismiss on this issue is consequently denied.

¶ 8 We secondly note Claimant in his motion to dismiss and answer brief has again challenged Employer's standing to object to the Workers' Compensation Court's resolution of the attorney's fee dispute, asserting that Employer has no direct, immediate and substantial interest in the determination thereof. *See, e.g., Pierson v. Canupp,* 1988 OK 47, ¶ 14, 754 P.2d 548, 552, fn. 9 ("Standing to prosecute an appeal must be predicated on that interest in the trial court's decision which is direct, immediate and substantial [and] [o]ne cannot appeal from a decision that does not affect one's substantial rights"); *Underside v. Lathrop,* 1982 OK 57, ¶ 7, 645 P.2d 514, 516 ("Conjecture or speculation about possible adverse consequences that may flow from the decision at some point in the future will not suffice to support a person's 'aggrieved' status.") That is, says Claimant, because it is he, not Employer, who must pay the attorney's fee from his award, Employer has no interest in the attorney's fee award as to occupy the status as one "aggrieved" by the trial court's order awarding attorney's fees. *Chamberlain v. American Airlines,* 1987 OK 62, ¶ 7, 740 P.2d 717, 720 ("attorney fees are ... paid from the claimant's award"); *accord, Oklahoma Dep't. of Transp. v. Barnes,* 1991 OK CIV APP 61, 818 P.2d 923. Thus, because Claimant in the instant case by affidavit consented to the attorney's fee award, Employer may not here challenge the award. *See, i.e., Special Indemnity Fund v. Flagg,* 1993 OK 28, 849 P.2d 395; *Eagle Picher Mining and Smelting Co. v. Lamkin,* 189 Okla. 463, 117 P.2d 519 (1941).

¶ 9 We believe Claimant's challenge to Employer's standing has some merit. It is unnecessary however, to decide the "standing" issue. Even if we assume Employer to be sufficiently aggrieved by the trial court's order, we observe the Court of Appeals in 1991 rejected the precise arguments forwarded by Employer in the present case. *Barnes,* 1991 OK CIV APP 61, ¶¶ 4–7, 818 P.2d at 924–925.

¶ 10 First, and as in *Barnes* (the employer there insured by the State Insurance Fund and represented by counsel for Employer herein), we first reject Employer's *Burk* challenge. In the present case, Claimant's expert testified to the reasonableness of the claimed fee, Claimant's attorney stated his justifications therefor without cross-examination by Employer, and Claimant's attorney tendered (and the trial court received without objection by Employer) a letter narrative delineating his efforts on Claimant's behalf through the course of the litigation, all of which touching on several of the *Burk* factors. Cf., *Barnes,* 1991 OK CIV APP 61, ¶ 4, 818 P.2d at 924–925 (employer's *Burk* challenge rejected for lack of evidentiary support for employer's allegation of excessive fee).

¶ 11 Second, and as in *Barnes,* we reject Employer's argument that because Claimant's attorney previously received a fee from Claimant's prior award for PPD, an attorney's fee award based on PTD on motion to reopen would result in an award of attorney's fees impermissibly based on something greater than the 500 week maximum prescribed by § 41(A), and that consequently, Employer should be allowed a credit for fees paid under the previous PPD order against the fees due under the PTD order. That is to say, the law governing workers' compensation is entirely statutory, and neither 85 O.S. § 30 governing recoupment of attorney's fees paid in lump sum nor 85 O.S. § 41 governing payment of disability awards make any provision for the claimed credit. *Barnes,* 1991 OK CIV APP 61, ¶¶ 5–7, 818 P.2d at 925. Moreover, 85 O.S. § 28 governing motions to reopen specifically proscribes consideration of previous monies paid. *Id.* Lastly, we agree with the Court in Barnes and Claimant's expert in the present case that the fees awarded in the original PPD case and those awarded in the PTD case represent fees earned in each case by Claimant's attorney for services rendered in each

of those cases. *Id.* We consequently hold Employer not entitled to credit for attorney's fees previously paid, and conclude the Workers' Compensation Court committed no error of law in so holding.

¶ 12 The order of the three-judge panel of the Workers' Compensation Court affirming the trial court's award of attorney's fees is therefore SUSTAINED.

JONES, V.C.J., and GARRETT, J., concur.

