1999 OK CIV APP 2

Tony CARILLO, Petitioner,

v.

J.C. CROWNOVER, Consulting Forester, State Insurance Fund, and The Workers' Compensation Court, Respondents.

No. 91,131.

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 22, 1998.

Bert M. Kendrick, Tulsa, Oklahoma, For Petitioner.

Michael D. Gilliard, David Frette, McGivern, Gilliard & Curthoys, Tulsa, Oklahoma, For Respondents.

Opinion by KENNETH L. BUETTNER, Presiding Judge.

¶1  Petitioner Tony Carillo (Carillo) appeals from the trial court's attorney fee award entered following a finding of permanent total disability following a change of condition for the worse. J.C. Crownover, Consulting Forester (Employer), and the State Insurance Fund (Fund) contend the trial court did not err in reducing the attorney fee award. Because we find no error of law, we sustain the order.

¶2  Carillo was injured in the course of employment in 1988. The Workers' Compensation Court entered an order December 12, 1990 awarding Carillo compensation for permanent partial disability.[1] That compen-

1.  The court found Carillo suffered 11% permanent partial disability to the back and 3% permanent partial disability for sexual dysfunction.

sation award included a $2422.00 attorney fee.

¶ 3 Carillo later filed a motion to reopen on a change of condition for the worse.[2] The Workers' Compensation Court granted Carillo's motion and entered an order June 11, 1996 finding Carillo permanently and totally disabled. The issue of attorney fees was reserved for later hearing. After a three judge panel affirmed the finding of permanent total disability, the Oklahoma Supreme Court sustained that order.

¶ 4 The hearing on attorney fees was held February 26, 1996 and the court issued its order March 26, 1998. The order included the following provision:

> The court finds that the claimant's attorney, ..., shall be paid $23,100.00 less $2,422.00 already awarded and paid for permanent partial disability attorney fee, for a total attorney fee due of $20,678.00 ... as a fair and reasonable attorney fee for services rendered herein.

¶ 5 Carillo's Exhibit 2 submitted at the hearing on attorney fees is a detailed record of time Carillo's counsel spent working on the case. The record concludes with counsel's statement "I'm requesting $23,100.00 which is the max(imum) am(oun)t."

¶ 6 On appeal, Carillo asserts the trial court erred in deducting the amount of attorney fees awarded to his prior counsel as part of the 1990 award. Awards of attorney fees may be made only when authorized by statute. The attorney fee award in the instant case was made pursuant to 85 O.S.1981 § 30.[3] Carillo argues that, while the determination of the amount of the attorney's fee is left to the trial court,[4] there is no legal basis for the court to reduce that amount once it has been determined. Carillo notes an opinion of this court which affirmed the trial court's refusal to grant a reduction for attorney fees paid in a prior order. *City of Purcell v. Wilbanks*, 1998 OK CIV APP 170, 968 P.2d 352 (cert.denied). In that case, the employer argued that, without a reduction for fees received in a prior award, claimant's counsel would be based on more than the 500 week maximum provided in 85 O.S.1991 § 41(A). This court explained, "the law governing workers' compensation is entirely statutory, and neither 85 O.S. § 30 governing recoupment of attorney's fees paid in a lump sum nor 85 O.S. § 41 governing payment of disability awards make any provision for the claimed credit." *Id.* citing *Oklahoma Dept. of Transportation v. Barnes*, 1991 OK CIV APP 61, 818 P.2d 923.

¶ 7 In *Barnes*, the claimant received an award of compensation for permanent partial disability which included counsel fees. The claimant later filed a motion to reopen on a change of condition which was granted. In its order finding a change of condition for the worse, the court found claimant permanently

---

2. Carillo had hired new counsel to pursue his motion to reopen on a change of condition.

3. This court has held that attorney fee awards in workers' compensation cases are matters of substance. Therefore, they are governed by the statutes in effect at the time of the employee's injury. *Burr v. Snitker*, 1993 OK CIV APP 163, 865 P.2d 1258. The statute regarding attorney fee awards in worker's compensation cases in effect at the time of Carillo's 1988 injury was 85 O.S.1981 § 30, which provided:

> If the Court before which any proceedings for compensation or concerning an award of compensation have been brought, under the Worker's Compensation Act, determines that such proceedings have not been brought on a reasonable ground, the Court shall assess the total cost of the proceedings on the party, who has brought them or the party who has unreasonably denied payment of benefits. Claims for services or treatment rendered or supplies furnished pursuant to Section 14 of this title

shall not be enforceable unless approved by the Court. If approved, such claim shall become a lien upon the compensation awarded, but shall be paid therefrom only in the manner fixed by the Court. A claim for legal services shall be determined by the Court on a quantum meruit basis; provided, that such claim shall not exceed ten percent (10%) of the amount of the award for temporary disability and shall not exceed twenty percent (20%) of the amount of the award for permanent disability or death benefits. Claims for legal services for temporary disability awards may be paid in a lump sum the same to be deducted from the end of the award. Claims for legal services for permanent total disability awards or death awards may be paid in a lump sum which shall be deducted from the periodic compensation payments at a rate of ten percent (10%) per payment until the attorney fee is satisfied.

4. Citing *James v. State Industrial Commission*, 1957 OK 41, 308 P.2d 271.

totally disabled and awarded a $21,700.00 lump sum attorney fee. A month after the order, the claimant died. Employer appealed the attorney fee award, arguing it was not based on quantum meruit, was excessive, and that the failure to give credit for attorney fees already paid resulted in an excessive fee and was contrary to law. This court found no evidence that the fee was unreasonable and the court noted that the fee amount determined by the court represented "the value of services rendered to Claimant." This court therefore found no error in the trial court's refusal to reduce the award.

¶8 *Barnes* and *Hix v. White Swan Food Services*, 1996 OK 132, 930 P.2d 208, establish that a workers' compensation attorney fee award is for services rendered, and therefore, when a claimant dies before the entire award is recouped, there can be no reduction in the amount of the attorney fee earned. This rule comports with the statutory requirement that such fees be determined based on quantum meruit. That phrase is defined as "as much as he deserves." *Martin v. Buckman*, 1994 OK CIV APP. 89, 883 P.2d 185. Although the *Barnes* opinion affirmed the denial of a requested reduction, this Court looked to whether the fee was reasonable. Therefore, that opinion also upholds the statutory quantum meruit doctrine.[5]

¶9 *Barnes* and *City of Purcell* both found no error of law in the court's refusal to grant a reduction. However, neither opined that it would have been an error of law to grant a reduction or credit for fees paid earlier. Indeed, we have found no statutory requirement that credit could not be given. In this case, the trial court determined the amount of fees and reduced that number by the amount of the earlier fee award to represent what Carillo's current counsel "deserved." We hold that a fee award in the underlying permanent partial disability award is a factor that may be considered when determining the fee to be awarded in the permanent total disability award. The

trial court therefore complied with Section 30's quantum meruit requirement.

SUSTAINED.

HANSEN, J., and ADAMS, J., concur.

---

5. *State ex rel. Burk v. City of Oklahoma City*, 1979 OK ——, 598 P.2d 659, details factors courts must consider in determining a reasonable attorney fee. These include, in part, the time and labor required by the matter; the customary fee in the legal community; the amount of money at stake; and the amount recovered.