## WARD et al. v. CARTER.
## PATTERSON et al. v. SAME.

No. 14528—Opinion Filed Nov. 20, 1923.

Rehearing Denied Dec. 18, 1923.

(Syllabus.)

**Appeal and Error—Subsequent Appeals—Review.**

Where a cause is reversed and remanded by the Supreme Court, with directions to proceed in accordance with the decision of the appellate court and the court below proceeds in substantial compliance with such directions, its action will not be considered on a second appeal.

Error from District Court, Choctaw County; G. M. Barrett, Judge.

Separate actions by Luther Carter against G. M. Patterson et al. and against J. P. Ward et al. to recover real estate. Judgment for plaintiff in each case, and de-

fendants appeal. Dismissed.

McPherren & Hannah, for defendant in error.

McPherren & Hannah, for defendant in error.

MASON, J. This cause comes on to be heard upon the motion to dismiss the petition in error, for the reason that it appears from an investigation of the record that every question, both of law and of fact, involved herein is res judicata by a former decision of this court in the same case reported in 83 Okla. 70, 200 Pac. 855.

On the former hearing in this court, the judgment of the court below, decreeing the defendant in error title to the surplus allotment involved herein, was affirmed, and the plaintiffs in error were decreed to have title to that portion allotted as homestead lands.

After the cause was remanded, the parties filed their stipulation setting forth the description of the separate tracts of land above referred to, and no further proceedings of any kind were had by the trial court, except to enter judgment in accordance with the opinion and mandate of this court. To reverse this action, the present proceeding in error was commenced.

It is well settled that, where the Supreme Court determines a matter on appeal, and remands the case for judgment, the matter so determined cannot be retried in the lower court, nor considered on a second appeal, but can only be considered on a petition for rehearing. Walker v. Bahnsen, 96 Okla. 133, 220 Pac. 334; Harsha v. Richardson et al., 33 Okla. 108, 124 Pac. 34, and cases cited.

Counsel for plaintiffs in error, in opposition to said motion to dismiss, cite many cases, including M., K. & T. Ry. Co. v. Lenahan, 85 Okla. 290, 206 Pac. 233, by this court, which held as follows:

"An appellate court on a second appeal may reconsider its former opinion and refuse to follow the same when it is erroneous, particularly when rendered in the same case and between the same parties."

In these cases the courts recognize the rule that an appellate court by a former decision should not preclude itself from doing justice between the parties on a second appeal if it should be convinced that its former decision was erroneous. This rule, however, does not apply to the question before us at this time, as this is not a proceeding involving the power of this court to modify or overrule on a second appeal its decision on a former appeal. That is another and different question. No action was taken

by the trial court, except what was required by the mandate of this court, and such action was in reality the action of this court, and if such action could be appealed from there would be no end to litigation. To permit an appeal from a directed judgment to the appellate court, which had directed the rendition of the judgment, would be, as the cases say, an appeal from the court to itself, and would be a travesty on judicial procedure. If the original opinion and decree of the appellate court is believed to be wrong by a litigant, a method of procedure is open to the complaining litigant through the agency of a petition or petitions for rehearing.

We therefore conclude that the instant case is governed by the rule announced in the case of Harsha v. Richardson, supra, and not by the cases cited by plaintiffs in error.

The motion to dismiss the appeal is sustained. The record also discloses that the defendant in error has filed his cross-appeal, which he also moves to have dismissed.

What we have said with reference to the appeal of the plaintiffs in error is also applicable to the cross-appeal of the defendant in error, and for that reason the motion to dismiss the defendant's cross-appeal will be sustained.

McNEILL, V. C. J., and NICHOLSON, COCHRAN, and HARRISON, JJ., concur.