**A. A. DAVIS & CO. et al. v. YOUNG et al.**

No. 21998. Opinion Filed Jan. 19, 1932.

Clayton B. Pierce and Fred M. Mock, for petitioners.

Anton Koch, for respondent Young.

HEFNER, J. This is an original proceeding in this court by A. A. Davis & Company and Employers' Casualty Company to review an award of the Industrial Commission awarding compensation to Joe Young.

It appears that, on the 5th day of February, 1927, claimant, while in the employ of petitioner A. A. Davis & Company, and while engaged in breaking rock, was struck in his right eye by a particle thereof causing injury thereto. He was awarded compensation at the rate of $12.12 per week until February 24, 1927, or a total of $24.24. On the latter date, on motion of petitioners, compensation was discontinued. The Industrial Commission, at that time, found that under the evidence then presented claimant had sustained no permanent injury to his eye. On the 25th day of January, 1930, claimant filed a motion to reopen the case and prayed that he be allowed additional compensation because of a change in condition. The motion was sustained by the Commission, and on further hearing it was found that there was a change in condition subsequent to the order discontinuing compensation, and that claimant had sustained a 75 per cent. permanent loss of the use of his right eye. He was then awarded additional compensation in the sum of $909.

Petitioners here contend that the award discontinuing compensation was a final order and award, and pleaded the same as res adjudicata. This plea cannot be sustained. The Industrial Commission, under section 7325, C. O. S. 1921, as amended by section 13, ch. 61, S. L. 1923, had authority to award claimant additional compensation upon a showing of a change in condition. It has been so repeatedly held by this court.

The evidence is sufficient to sustain the finding of the Industrial Commission that there was a change in condition since the prior order discontinuing compensation. Dr. Randal testified as follows:

"Q. You have testified in this case before? A. Yes. Q. About ten days after the injury would make it about February 15, 1927? A. Yes, approximately. Q. When did you examine him again? A. I examined him recently within the last few days. Q. Did you find a change in his condition, Doctor, from the time you first examined him and the last time you examined him? A. Yes, there was a change. Q. Was his condition worse on the second time you examined him than on the first time? A. I believe his vision was a little lower. * * *

Q. I believe you said his condition was worse on your examination September 7, 1930? A. Yes, as far as his vision. Q. What is the percentage of loss of vision at this time, Doctor? A. 20/200, that is, about 20 per cent. vision. That is calculated by the method used in this district. Q. That would be 80 per cent. loss of vision without glasses? A. Yes, sir. Q. Is that condition permanent, Doctor? A. Yes, sir; absolutely. Q. Is that condition the result of the injury received on February 5, 1927? A. There is positively no question about it—it is the direct result of the injury."

There is also other expert evidence which tends to establish a change in condition.

The petition to vacate is denied.

CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.