**WM. A. SMITH CONSTRUCTION CO. et al. v. PRICE et al.**

No. 27734.    Oct. 4, 1938.

Thurman & Thurman, for petitioners.

C. E. Thomas and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is the second proceeding to vacate the award in favor of the respondent Mitchell Price. The petitioner heretofore filed a proceeding to vacate the award, and the opinion of the court is reported as Wm. A. Smith Const. Co. v. Price, 178 Okla. 423, 63 P.2d 108. This court affirmed the award, with directions to make a proper finding as to the average daily wage of said respondent.

On January 5, 1937, the State Industrial Commission entered its order in accordance with the mandate of the court fixing the average daily wage of the respondent at $2.25, which amount is pointed out in the former opinion of this court as being the only amount supported by the record in that proceeding. This proceeding is brought to reverse the order of January 5, 1937. The parties will be referred to as petitioner and respondent.

At the outset petitioner presents error in overruling a motion to set aside the order. which motion was filed January 19, 1937. Therein it is stated:

"It is the contention of the respondent and insurance carrier herein that the opinion of the appellate court in this case, sustaining paragraph No. 4 of the Order of March 20, 1936, does not divest the commission of its jurisdiction to again hear and again consider the findings in paragraph No. 4 of the Order of March 20, 1936. That when said mandate was received by the Industrial Commission it set aside the entire Order and findings of the commission and upon receipt of the mandate the commission has jurisdiction to determine all questions presented to it."

This establishes thoroughly the theory of the petitioner. We cannot agree with this contention. The award affirmed in Smith Const. Co. v. State Industrial Commission, supra, cannot again be litigated. Pinkston Hdw. Co. v. Hart, 172 Okla. 566, 46 P.2d 501; Davon Oil Co. v. State Industrial Commission, 177 Okla. 612, 61 P.2d 579; Amerada Pet. Corp. v. Elliff, 171 Okla. 38, 41 P.2d 850; Ward v. Carter, 96 Okla. 183, 221 P. 48. In Ward v. Carter, supra, we said:

"Where a cause is reversed and remanded by the Supreme Court, with directions to proceed in accordance with the decisions of the appellate court, and the court below proceeds in substantial compliance with such directions, its action will not be considered on a second appeal."

Petitioner cites and relies upon A. A. Davis & Co. v. Young, 154 Okla. 144, 7 P.2d 459; Marland Oil Co. v. Sans, 175 Okla. 131, 51 P.2d 751, together with many other authorities. We have examined those authorities and are of the opinion that they are not in point. After the commission has entered its order, it becomes final unless it is vacated within 30 days after the entry thereof. The only relief which petitioner has against the order or award is to appeal therefrom to the Supreme Court. The matters therein litigated cannot again be litigated. If the petitioner wishes, he may proceed on the ground that there has been a change of condition from and after the date of the last award. Petitioner has that right according to the decisions of this court, many of which have been cited in support of the rule contended for by the petitioner above. No such proceeding has been instituted.

This is the sole issue presented. There is competent evidence to sustain the finding of the State Industrial Commission of January 5, 1937, with respect to the average daily wage of the respondent, and in fact the order was made in accordance with the mandate of this court and the suggestions found in the opinion referred to above.

The award of January 5, 1937, is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, GIBSON, and HURST, JJ., concur. RILEY, PHELPS, CORN, and DAVISON, JJ., absent.