SMITH v. OKLAHOMA PORTLAND CEMENT CO. et al.

No. 30360. May 5, 1942.

Rehearing Denied June 16, 1942.

*126 P. 2d 718.*

Turner M. King and Carloss Wadlington, both of Ada, for petitioner.

Warren B. Kice, of Ada, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Zack Smith, hereinafter referred to as petitioner, to obtain a review of an order of a trial commissioner of the State Industrial Commission which sustained a demurrer to the evidence offered by petitioner in support of an application to have a determination of the amount remaining due under an award in favor of the petitioner and against Oklahoma Portland Cement Company, hereinafter referred to as respondent.

The record shows that on March 26, 1924, petitioner sustained a compensable injury which resulted in a permanent partial disability and for which settlement was made on form 14 agreement, and whereupon petitioner was paid the sum of $2,520. The petitioner was subsequently adjudged to be an incompetent and his wife, Mary Smith, was appointed as his guardian. On August 8, 1936, the State Industrial Commission, after hearing held on application to reopen on the ground of change in condition, made an award in favor of petitioner for permanent total disability and therein fixed his compensation at the sum of $8,400 less payments which had theretofore been made, and directed that $650 of said amount be paid to attorneys for petitioner. The respondent instituted a proceeding in this court to obtain a review of said award which resulted in the award being sustained. See Oklahoma Portland Cement Co. v. Smith, 181 Okla. 313, 73 P. 2d 446. On receipt of the mandate in the above case the State Industrial Commission, on December 3, 1937, made and entered an order the pertinent portion of which reads as follows:

"It is therefore ordered: In accordance with said opinion and mandate, that the sustenance of said order is hereby spread of record, and that the respondent pay, forthwith to said claimant, the sum of $3,880.80 in a lump sum, together with the interest at the rate of 6 per cent on said amount, from the filing date of the commission's order of August 8, 1936, until paid, and pay the further sum of $1,142.40, being compensation from August 8, 1936, to December 3, 1937, and to continue payment of compensation at the rate of $16.80 per week, until the sum of $8,400, less the sum of $2,520, heretofore paid, shall have been paid, on account of claimant's permanent total disability due to said accidental injury.

"It is further ordered; That within ten days from the filing date of this order, respondent pay the claimant's attorneys, Leo Williams, and M. H. Parmenter, the sum of $1,495 as a fair and reasonable attorneys fee for services herein."

The above-quoted order became final and payments were made thereunder until about July 18, 1938, when the respondent filed a motion wherein it was stated that petitioner had been restored to his competency and respondent desired direction as to whether it should pay the balance of the compensation to the petitioner directly. Thereupon, on August 16, 1938, petitioner filed with the commission a motion wherein he alleged he had been restored to his competency August 2, 1938, and wherein he requested that the balance due of compensation be paid to him in a lump sum. The State Industrial Commission, on October 4, 1938, denied the motion of the petitioner and ordered the respondent to make all future payments of compensation directly to the petitioner. Pursuant to the last order respondent paid and petitioner accepted and received compensation payments for 20 weeks which aggregated the sum of $336. Thereafter, on March 4, 1941, the petitioner filed an application wherein he sought to have the Industrial Commission correct the order which it had made on December 3, 1937, relative to payment of attorneys' fees, and to also ascertain the amount which remained due and unpaid on compensation which

had been awarded and which petitioner alleged to be the sum of $319.20.

At the hearing held on the aforesaid application, the petitioner undertook to show that he and his guardian had not consented to the order of December 3, 1937, insofar as it directed payment of attorneys' fees of the petitioner, and also offered evidence which tended to show that there still remains some balance due and unpaid on the award. The trial commissioner sustained a demurrer to the evidence of the petitioner and failed to make any finding as to what amount, if any, remained due and unpaid on the award. This is the order which we are now called upon to review.

An award or decision of the State Industrial Commission which is permitted to become final may not be thereafter reviewed by the commission on the theory that the order was erroneous in some respect. 85 O. S. 1941 § 29. Therefore, the trial commissioner proceeded properly when he refused to reconsider the order of December 3, 1937, to ascertain whether there had been any error committed in making the order originally. However, the trial commissioner misconceived the extent of responsibility which rested upon him when he declined to ascertain whether payment of the award had been made as directed in said order. 85 O. S. 1941 § 41. The State Industrial Commission has the mandatory duty of hearing and disposing of claims arising under its jurisdiction on the merits. See Royal Mining Co. v. Murray, 167 Okla. 460, 30 P. 2d 185.

All discussion and authorities cited relative to the power and authority of the State Industrial Commission to allow attorney fees in compensation proceedings are outside of the issue here involved and for this reason will not be considered.

On account of error of law hereinabove pointed out, the order of the trial commissioner is vacated, with directions to hear the evidence of the parties and to determine whether respondent has fully paid and satisfied the award in favor of the petitioner by making payments as directed by the orders of the State Industrial Commission and to make and enter an order appropriate to the facts found.

Order vacated, with directions.

WELCH, C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. CORN, V.C.J., and ARNOLD, J., absent.