**Dowell SCHLUMBERGER and Travelers Insurance Company, Petitioners,**

v.

**Joe D. DRUMMOND and The Workers' Compensation Court, Respondents.**

**No. 79181.**

Court of Appeals of Oklahoma, Division No. 1.

Nov. 24, 1992.

Dale F. Whitten, Tulsa, for petitioners.

Michael C. Taylor, Tulsa, for respondents.

## MEMORANDUM OPINION

JONES, Judge:

Dowell Schlumberger brings this proceeding to review an order of a Three Judge Panel of the Workers' Compensation Court affirming an order of the trial court which modified an order entered two years previously. The question presented is whether the trial court has the authority to modify a previous order after the time for appeal has expired.

On December 12, 1988, Claimant, Joe D. Drummond, filed a Form 3 alleging accidental injury to the eyes resulting from exposure to chemical fumes while in the employment of Petitioner. The hearing was held on August 31, 1989, and on September 5, 1989, the trial court entered its order awarding benefits on the basis of permanent partial disability. The Court further ordered Employer to pay all reasonable and necessary medical expenses incurred as a result of the injury, and to reimburse Claimant for all out of pocket expenses. The order was silent on the issue of continuing medical treatment.

Eighteen months after the first order was entered, Claimant filed a Form 9 on March 18, 1991, requesting medical treatment for 150 weeks. He filed a second Form on June 24, 1991, requesting life time medical care. A hearing was held on these issues on September 6, 1991, and the trial court issued its order modifying the 1989 order. The Court ordered Employer to furnish Claimant with continuing medical care from August 28, 1989, until further order of the Court. The decision was sustained by a Three Judge Panel.

Employer requests this Court to vacate both the orders of the trial court and the Three Judge Panel as contrary to law. Employer argues that Claimant did not appeal the 1989 order which became final twenty days after it was entered, nor did he file a motion for an Order Nunc Pro Tunc.

It is well settled that where an award or decision of the Workers' Compensation Court has become final, it is not thereafter subject to review for errors alleged to have been made therein. *Smith v. Oklahoma Portland Cement Co.*, 191 Okl. 12, 126 P.2d 718 (1942). The trial court committed error by modifying a final order.

Claimant correctly states the Workers' Compensation Court has the power to correct judgments and final orders nunc pro tunc for clerical errors or omissions, mathematical miscalculations, and other apparently facial mistakes. Rule 39, 85 O.S.Supp.1990 Ch. 4, App. There is absolutely no evidence in the record that a subsequent Form 9 stated grounds for a *nunc pro tunc* amendment of the prior order. Further, there were no errors on the face of the trial court's 1989 order.

The judgment roll pertaining to the 1989 order does not show the Court intended to include a provision for future medicals, nor is there any indication the Court made a pronouncement at trial which was not included in the order. If the Court makes a mistake, the power to adjudicate includes the power to do so wrongly. *Ferguson v. Ferguson*, 766 P.2d 335 (Okl.

1988). An erroneous decision, until it is corrected in a manner authorized by law, is as binding as a correct ruling. Id. Claimant did not follow authorized procedure to have the error corrected and it became final twenty days after it was entered. We thus vacate the ruling of the trial court and the Three Judge Panel because the Court lacked jurisdiction to modify an order after the time for appeal had passed.

VACATED.

ADAMS, P.J., and GARRETT, J., concur.