2014 OK 29

Kevin CARLOCK, and Old Glory Insurance, Petitioners,

v.

WORKERS' COMPENSATION COMMISSION, State of Oklahoma, Respondent.

Donna Studeman, Petitioner,

v.

The Honorable Troy Wilson, Sr., in his Official Capacity only as Chairman of the Oklahoma Workers' Compensation Commission; The Honorable Denise Engle, in her Official Capacity only as Commissioner of the Oklahoma Workers' Compensation Commission; and The Honorable Robert Gilliland, in his Official Capacity only as Commissioner of the Workers' Compensation Commission, Respondents.

Jose Barrera, Petitioner,

v.

The Honorable Troy Wilson, Sr., in his Official Capacity only as Chairman of the Oklahoma Workers' Compensation Commission; The Honorable Denise Engle, in her Official Capacity only as Commissioner of the Oklahoma Workers' Compensation Commission; and The Honorable Robert Gilliland, in his Official Capacity only as Commissioner of the Workers' Compensation Commission, Respondents.

Nos. 112607, 112613, 112653.

Supreme Court of Oklahoma.

April 17, 2014.

ORDER ASSUMING ORIGINAL JURISDICTION AND GRANTING RELIEF

¶ 1 Petitioners' applications to assume original jurisdiction are granted insofar as they seek declaratory relief to resolve an important public law controversy; that is, jurisdiction to review orders and awards made by the Court of Existing Claims for injuries occurring prior to February 1, 2014, pursuant to 85A O.S.Supp.2013, § 400(A). Petitioners' applications to assume original jurisdiction are denied as premature insofar as they seek relief regarding the manner in which vacancies on the Court of Existing Claims are to be filled.

¶ 2 **All aspects** of the adjudication of claims for injuries occurring prior to February 1, 2014, are governed by the law in effect at the time of the injury, Article 5, 54 of the Oklahoma Constitution; *King Manufacturing v. Meadows,* 2005 OK 78, 127 P.3d 584; 85A O.S.Supp.2013, § 400(L), including the rights of the parties to seek review of an order or award (1) before a three-judge panel of the Court of Existing Claims, as successor to the Workers' Compensation Court, 85 O.S. 2011, 340, 85A O.S.Supp.2013, § 400(D) and Rule 60, Rules of the Workers' Compensation Court, effective January 31, 2014, or (2) before the Supreme Court, either directly from an order or award of a trial judge, or after review by a three-judge panel, 85 O.S.2011, § 340 and Rule 2 of the Rules of the Workers' Compensation Court, effective January 31, 2014. Because the Workers' Compensation Commission had no jurisdiction to review orders or awards prior to February 1, 2014, that tribunal cannot review an order or award made by the Court of Existing Claims for an injury occurring prior to February 1, 2014, pursuant to 85A O.S.Supp.2013, § 400(A), notwithstanding provisions in 85A O.S.Supp.2013, 400(I) and (J) allowing review by the Workers' Compensation Commission.

**DONE IN CONFERENCE BY ORDER OF THE SUPREME COURT THIS 17th DAY OF APRIL, 2014.**

¶ 3 COLBERT, C.J., REIF, V.C.J., KAUGER, WATT, WINCHESTER, EDMONDSON, TAYLOR, COMBS, and GURICH, JJ., concur.

TAYLOR, J., concurring.

"I fully concur in this Order but write further on the issue of possible appoint-

ments to fill any future vacancy on the Court of Existing Claims. That claim raises nothing but pure speculation and is most certainly not an issue ripe for judicial review today. It is also pure speculation to assume that the future caseload of the Court of Existing Claims would even justify the filling of any future vacancy. Attrition may be the prudent rule."