2016 OK 120

**MULTIPLE INJURY TRUST FUND, Petitioner,**

v.

**Willie A. COBURN and The Workers' Compensation Court of Existing Claims, Respondents.**

Multiple Injury Trust Fund, Petitioner,

v.

Billie H. Sturdivant and The Workers' Compensation Court of Existing Claims, Respondents.

Multiple Injury Trust Fund, Petitioner,

v.

Charles E. Crosslin and The Workers' Compensation Court of Existing Claims, Respondents.

Multiple Injury Trust Fund, Petitioner,

v.

Lymon Williams and The Workers' Compensation Court of Existing Claims, Respondents.

No. 115,152, No. 115,153, No. 115,154, No. 115,155

Supreme Court of Oklahoma.

FILED DECEMBER 6, 2016

Douglas B. Cubberley, Philip Redwine, Redwine and Cubberly, Norman, Oklahoma, for Petitioner.

Bob Burke, Oklahoma City, Oklahoma, and Richard A. Bell, Norman Oklahoma, for Respondents.

EDMONDSON, J.

¶ 1 The parties disagree on which statute controls the controversy. The Multiple Injury Trust Fund (Fund) argues 85 O.S.Supp.2005 § 30(D) controls the rights of the lawyers to an attorney's fee. The claimants' lawyers argue 85 O.S.Supp.2005 § 172 controls the rights of the lawyers to an attorney's fee, and the Workers' Compensation Court of Existing Claims agreed § 172 controlled the controversy. We agree with the Workers' Compensation Court of Existing Claims. We do not consolidate these four review proceedings, but treat them as companion cases and

adjudicate them simultaneously by a single opinion.[1]

## I. Jurisdiction

¶ 2 This Court has an affirmative duty to inquire into its jurisdiction in every matter before it.[2] Jurisdictional issues concerning the Workers' Compensation Court of Existing Claims are reviewed *de novo* by this Court.[3] Section 400 of Title 85A provides the Workers' Compensation Court of Existing Claims hears disputes relating to claims that arose before February 1, 2014, and all benefits and procedures to obtain benefits are determined by the workers' compensation law in effect on the date of the injury.[4] However, § 400 in paragraph "J" provides an "appeal" from the Workers' Compensation Court of Existing Claims shall be heard by the Commission *en banc*, Executive department officials, before a party seeks review in this Court.[5] The Workers' Compensation Court of Existing Claims is a court of record.[6] The language in paragraph "J" does not apply to these proceedings, as we now explain.

1. *See, e.g., In re Guardianship of Berry*, 2014 OK 56, n. 1, 335 P.3d 779, 783 (one opinion adjudicated two consolidated appeals and a companion appeal); *City of Midwest City v. House of Realty, Inc.*, 2008 OK 28, ¶ 1, 198 P.3d 886, 889 (companion appeals considered together for the purpose of one appellate opinion).

2. *Snyder v. Smith Welding and Fabrication*, 1986 OK 35, 746 P.2d 168, 171.

3. *Loyd v. Michelin North America, Inc.*, 2016 OK 46, ¶ 5, 371 P.3d 488, 490. *See also Hogg v. Okla. Cnty. Juvenile Bureau*, 2012 OK 107, ¶ 7, 292 P.3d 29 (statutory construction and questions concerning jurisdictional matters in the Workers' Compensation Court present issues of law reviewed *de novo* by this Court); *Stidham v. Special Indem. Fund*, 2000 OK 33, ¶ 10, 10 P.3d 880 (same).

4. 85A O.S.Supp.2013 § 400 provides in part:
   A. The Workers' Compensation Court shall be renamed the Workers' Compensation Court of Existing Claims for the purpose of hearing disputes relating to claims that arise before February 1, 2014....
   L. For an injury occurring before the effective date of this act, all benefits and procedures to obtain benefits shall be determined by the workers' compensation law of this state in effect on the date of the injury.

5. 85A O.S.Supp.2013 § 400 (J) provides:

¶ 3 When a strict, literal interpretation of the statute would lead to inconsistent or incongruent results between the enactment's different parts, judicial interpretation becomes necessary to reconcile the discord.[7] In *Carlock v. Workers' Compensation Commission*, this Court explained: "All aspects of the adjudication of claims for injuries occurring prior to February 1, 2014, are governed by the law in effect at the time of the injury, ... including the rights of the parties to seek review of an order or award (1) before a three-judge panel of the Court of Existing Claims, as successor to the Workers' Compensation Court, ... (2) before the Supreme Court, either *directly from an order or award of a trial judge, or after review by a three-judge panel....*"[8]

¶ 4 Our conclusion was based upon additional language in § 400, an opinion of this Court explaining substantive rights are fixed on the date of injury and may not be altered by subsequent amendment, and a provision of the Oklahoma Constitution.[9] We

J. Any appeal of an order by the Workers' Compensation Court of Existing Claims shall be heard by the Commission en banc. The Commission shall review the decision using an abuse of discretion standard of review. Orders by the Commission may be appealed in accordance with Section 78 of this act.

6. *Robinson v. Fairview Fellowship Home, etc.*, 2016 OK 42, n. 14, 371 P.3d 477, 481.

7. *State ex rel. Oklahoma Dept. of Health v. Robertson*, 2006 OK 99, ¶ 6, 152 P.3d 875, 878.

8. *Carlock v. Workers' Compensation Commission*, 2014 OK 29, ¶ 2, 324 P.3d 408. *Cf. Aircraft Accessories of OK v. Denton*, 2015 OK 31, 350 P.3d 107 (review proceeding dismissed as untimely pursuant to Okla. Sup. Ct. R. 1.100 because the petition for review was filed more than 20 days after a copy of the court's order was sent to the parties).

9. *Carlock v. Workers' Compensation Commission*, 2014 OK 29, at ¶ 2, 324 P.3d 408, citing § 400 (D) & (L), *King Manufacturing v. Meadows*, 2005 OK 78, 127 P.3d 584, and Okla. Const. Art. 5 § 4. *See, e.g., Scruggs v. Edwards*, 2007 OK 6, ¶¶ 7–8, 154 P.3d 1257, 1261, explaining *King Mfg. v. Meadows*, 2005 OK 78, ¶¶ 11–12, 127 P.3d 584, 589, and the difference between (1) statutory amendments which may not operate retrospectively to alter substantive rights and obligations

construe our statutes and constitution as a consistent whole in harmony with common sense and reason,[10] and we concluded in *Carlock* a person aggrieved by a decision of the Workers' Compensation Court of Existing Claims may seek review before a three-judge panel of that court and a petition for review filed in this Court as provided by law prior to February 1, 2014. The review of the three judge panel is statutorily limited to the records made before the trial judge, and the panel's orders must be based upon an examination of those trial court records.[11]

¶5 We hold this Court has jurisdiction to review a decision of the Workers' Compensation Court of Existing Claims when a party aggrieved by that decision has filed a timely petition for review in this Court in accordance with the law in effect prior to February 1, 2014.[12] The petitions for review filed in these four cases were timely and in compliance with the law in effect prior to February 1, 2014. This Court has jurisdiction to hear these review proceedings.

### II.  No. 115,152—Willie A. Coburn

¶6 The Workers' Compensation Court issued an order in January 2009. The order stated in part:

> THAT due to the claimant's most recent injury . . . [he] is due compensation at the rate of $289.00 per week from the date of this order and continuing for a period of fifteen years or until the claimant . . .

reaches the age of 65 years, whichever shall come later. . . .

The order directed the Fund to pay this compensation to the claimant less the amount of the attorney's fee which it directed payment by the following method.

> That payment of every 5th weekly check is a reasonable attorney fee not exceeding the maximum amount allowed by statute and same is hereby vested at the time this Order becomes final. Claimant's attorney, Nicole Bell, shall receive said vested attorney fee at the periodic method and rate of every 5th weekly payment of $289.00 made under this Order to the claimant until said attorney fee is satisfied.

Claimant died in February 2013. Payments to claimant's lawyer were made pursuant to this order through May 2015, and then in June 2015 the Fund tendered a check to the lawyer in the amount of $4,046 representing payments for an additional fourteen weeks. The Fund argued that it had paid claimant's lawyer an amount equaling eighty (80) weekly payments and need not make further payments pursuant to application of 85 O.S.Supp.2005 § 30(D).

¶7 The trial judge, Honorable, Owen T. Evans, Judge, directed the Fund to pay additional attorney's fees. The court determined the fee awarded in 2009 amounted to $45,084, and payable every fifth week at the rate of $289.00 until paid pursuant to 85 O.S. § 172(H). The court gave credit for amounts previously paid to the lawyer. The Fund

---

which are fixed on the date of injury, and (2) amendments which relate to remedies); Okla. Const. Art. 5 § 54 ("The repeal of a statute shall not revive a statute previously repealed by such statute, nor shall such repeal affect any accrued right, or penalty incurred, or proceedings begun by virtue of such repealed statute.").

**10.**  *St. Paul Fire & Marine Ins. Co. v. Getty Oil Co.*, 1989 OK 139, 782 P.2d 915, 918.

**11.**  *Kwikset/Emhart v. Mayberry*, 1990 OK 112, 800 P.2d 239, 244.

**12.**  In 1792 the U.S. Supreme Court held U.S. Const. Art. III, § 1 vesting of judicial power in the Supreme Court and inferior courts meant, in part, that "Congress cannot vest review of the decisions of Article III courts in officials of the Executive Branch." *Plaut v. Spendthrift Farm,*

*Inc.*, 514 U.S. 211, 218, 115 S.Ct. 1447, 1453, 131 L.Ed.2d 328 (1995), explaining *Hayburn's Case*, 2 U.S. 408, 2 Dall. 409, 1 L.Ed. 436 (1792). Cf. *Robinson v. Fairview Fellowship Home for Senior Citizens, Inc.*, 2016 OK 42, ¶12, 371 P.3d 477, 481, 483 (The Legislature may not confer upon the Commission the power to determine the facial constitutionality of a statute, because such power resides in the judiciary alone.).

We need not address whether Okla. Const. Art. 7 § 1 would be violated by language attempting to vest in Executive department officials authority to review an exercise of judicial power by the Workers' Compensation Court of Existing Claims. Our application of *Carlock v. Workers' Compensation Commission, supra*, provides for review of an exercise of judicial power by a timely petition in this Court without an intervening review by an official of the Executive department.

sought review of this order before a three-judge panel of the Workers' Compensation Court of Existing Claims. The panel determined the order of the trial judge "was not against the clear weight of the evidence nor contrary to law," and affirmed the trial judge's order.

### III. No. 115,153—Billie H. Sturdivant

¶ 8 The Workers' Compensation Court issued an order in September 2008. The order awarded an attorney's fee to Richard Bell, and approximately one week later issued an order *nunc pro tunc* requiring the payment of a fee by every fifth weekly check: "That payment of every 5th weekly check is a reasonable attorney fee not exceeding the maximum amount allowed by statute and the same is hereby vested at the time this order becomes final."

¶ 9 Claimant died in July 2012. The Fund had paid $11,560 of the attorney's fee award and continued to make payments until June 2015. The Fund tendered a check to Bell in amount of $2,890 to satisfy 85 O.S. § 30(D), and Bell returned this check to the Fund.

¶ 10 In December, 2015, the Honorable, Owen T. Evans, Judge, determined the amount of the fee awarded in 2009 was $45,084 payable every fifth week at the rate of $289.00 per week pursuant to 85 O.S. § 172(H). The court gave credit for amounts previously paid to the lawyer pursuant to the 2009 order. The Fund sought review of this order before a three-judge panel of the Workers' Compensation Court of Existing Claims. The panel determined the order of the trial judge "was not against the clear weight of the evidence nor contrary to law," and affirmed the trial judge's order. The Fund sought review in this Court.

### IV. No. 115,154—Charles E. Crosslin

¶ 11 The Workers' Compensation Court issued an order in December 2008. The order awarded an attorney's fee to Richard Bell. The order stated: "Payment of every 5th weekly check is a reasonable attorney fee not exceeding the maximum amount allowed by statute and the same is hereby vested at the time this order becomes final."

¶ 12 Claimant died in November 2013. The Fund had paid $15,028 (52 weeks) of the attorney's fee award and continued to make payments until May 2015. The Fund tendered a check to Bell in amount of $3,757 (13 additional weeks) to satisfy 85 O.S. § 30(D), and Bell returned this check to the Fund. The Fund paid $23,120 to Bell for the attorney's fee award. The Fund argues this represents eighty (80) weekly payments in accord with 85 O.S. § 30(D).

¶ 13 In December, 2015, the Honorable, Owen T. Evans, Judge, determined the amount of the fee awarded in 2008 was $45,084 payable every fifth week at the rate of $289.00 per week pursuant to 85 O.S. § 172(H). The court gave credit for amounts previously paid to the lawyer pursuant to the 2009 order. The Fund sought review of this order before a three-judge panel of the Workers' Compensation Court of Existing Claims. The panel determined the order of the trial judge "was not against the clear weight of the evidence nor contrary to law," and affirmed the trial judge's order.

### V. No. 115,155—Lymon Williams

¶ 14 The Workers' Compensation Court issued an order in March 2009. The order awarded an attorney's fee to Richard Bell. The order stated: "Payment of every 5th weekly check is a reasonable attorney fee not exceeding the maximum amount allowed by statute and the same is hereby vested at the time this order becomes final."

¶ 15 Claimant died in December 2013, and the Fund continued to make the attorney's fee payments until May 2015. The Fund tendered a check to Bell in amount of $4,335 (15 additional weeks) to satisfy 85 O.S. § 30(D), and Bell returned this check to the Fund. The Fund argues the amounts it paid and tendered to Bell represent eighty (80) weekly payments in accord with 85 O.S. § 30(D).

¶ 16 In December, 2015, the Honorable, Owen T. Evans, Judge, determined the amount of the fee awarded in 2009 was $47,453 payable every fifth week at the rate of $289.00 per week pursuant to 85 O.S. § 172(H). The court gave credit for amounts previously paid to the lawyer pursuant to the 2009 order. The Fund sought review of this

order before a three-judge panel of the Workers' Compensation Court of Existing Claims. The panel determined the order of the trial judge "was not against the clear weight of the evidence nor contrary to law," and affirmed the trial judge's order.

VI.   85 O.S.Supp.2005 § 30(D) versus 85 O.S.Supp.2005 § 172(H).

■ ¶ 17 The parties agree the issue is whether 85 O.S.Supp.2005 § 172(H) or 85 O.S.Supp.2005 § 30(D) applies in these controversies. These provisions state as follows.

H. **An attorney for a claimant against the Multiple Injury Trust Fund shall be entitled to a fee equal to twenty percent (20%) of permanent disability benefits awarded.** For awards entered after the effective date of this act, the attorney's fee shall be paid in periodic installments by the attorney receiving every fifth check. **All benefits awarded to the attorney shall be vested.** In the event a claimant, covered under this subsection, dies as a result of his or her injury before the award has been fully paid, payments shall continue to the surviving spouse for five years or upon remarriage, whichever occurs first. In no event shall payments to the surviving spouse extend beyond the period of benefits awarded to the claimant.

85 O.S.Supp.2005 § 172(H) (emphasis added).

Claims for legal fees for permanent partial disability awards shall be paid periodically at the rate of twenty percent (20%) of each weekly check to the claimant until the

attorney fee is satisfied, **based on a maximum of four hundred (400) weeks of compensation.** The right to any such attorney fee shall be vested at the time the award therefor becomes final.

85 O.S.Supp.2005 § 30(D) (emphasis added).

¶ 18 In 1994 the Forty-fourth Legislature, Second Extraordinary Session, created legislation which amended several provisions of the Workers' Compensation statutes in Oklahoma Title 85.[13] This legislation added to § 30 the language "based upon a maximum of four hundred (400) weeks of compensation."[14] Section 172 was amended at the same time and the new language in § 172, like the rest of that section, did not address payment of attorney's fees.[15]

¶ 19 At the time of these amendments § 30 was viewed as reducing the attorney fee in permanent total disability cases by placing a limit of 400 weeks of compensation in the calculation upon which the fee was based. A judge of the Workers' Compensation Court at this time explained the amendment would lower the maximum attorney's fee of $31,928 based upon 520 weeks of compensation to an attorney's fee of $24,560 based upon 400 weeks of compensation.[16] Consistent with this interpretation, we had previously decided that language in a former version of § 30 stating a fee "shall not exceed twenty percent (20%) of the amount of the award" limited the fee to twenty percent of the 260 weeks of disability compensation awarded in that case.[17]

**13.** Laws 1994, 2nd Ex.Sess., c. 1, emerg. eff. Nov. 4, 1994 (1994 Okla. Sess. Laws 2189–2244); 85 O.S.Supp. 1995 § 172.

**14.** Laws 1994, 2nd Ex.Sess., c. 1, § 31, emerg. eff. Nov. 4, 1994 (1994 Okla. Sess. Laws 2229).

**15.** Laws 1994, 2nd Ex.Sess., c. 1, § 42, emerg. eff. Nov. 4, 1994 (1994 Okla. Sess. Laws 2237). The added language stated: "All weekly payments for permanent partial disability shall be paid before any claim for benefits against the Special Indemnity Fund may be paid. In the case of a lump-sum permanent partial disability award or settlement, such award or settlement shall be divided by seventy percent (70%) of the employee's weekly wage up to a maximum of fifty percent (50%) of th state's average weekly wage, to determine the number of weeks which must

elapse before a claim against the Special Indemnity Fund may be paid."

**16.** Honorable Noma D. Gurich, Judge of the Workers' Compensation Court, Summary of the 1994 Legislative Changes to the Oklahoma Workers' Compensation Act, Dec. 23, 1994, published in, *The Managed Care Act Workers' Compensation Reform*, OBA/CLE No. 554, Spring 1995 (Oklahoma Bar Association 1995), p. I–9) (calculation of fee based upon the then maximum permanent total disability rate of $307.00 and an attorney's fee equal to 20% of the award).

**17.** *Special Indemnity Fund v. Flagg*, 1993 OK 28, 849 P.2d 395, 396.

¶ 20 In 2005 the Fiftieth Legislature, First Extraordinary Session, created legislation which amended several provisions of the Workers' Compensation statutes in Oklahoma Title 85.[18] The 2005 legislation amended both § 30 and 172 of Title 85.[19] The language in § 30 providing a 20% attorney's fee based upon 400 weeks of compensation remained unchanged. However, the amendment to § 172 included language stating the amount of the fee is to be *equal to* twenty percent (20%) of permanent disability benefits awarded.

¶ 21 In 1987 we applied 85 O.S.1981 § 30 and determined attorney fees awarded in conjunction with permanent total disability cases must be commuted to a lump sum and recovered at the rate of ten percent from each of the periodic payments until the fee is recouped.[20] Three years later, in *Taylor v. Special Indemnity Fund*, we were asked whether § 30 or § 172 controlled payments made by the Special Indemnity Fund for legal services.[21] We stated section 30 "is the only statute in the Act which directly addresses attorney fees."[22] We noted § 30 did not distinguish between cases against employers and the Fund, and that section exclusively establishes the maximum amount of legal fees that an attorney can collect, whether the fees must be paid periodically or in a lump sum.[23] We noted § 172 was "conspicuously silent on attorney fees."[24] We concluded § 30 was a particular statute on attorney's fees and controlled § 172, a general statute on the Special Indemnity Fund which did not address attorney's fees.

¶ 22 The 2005 version of 85 O.S. § 172 is a lengthy and comprehensive statute for liability of the Multiple Injury Trust Fund and includes provisions for both the amounts and methods for the Fund's payments.[25] The 2005 version has two paragraphs relating to attorney's fees, paragraphs "F" and "H". The former involves attorney's fees when an award is not timely claimed,[26] and the latter the language at issue in the present case. We are presented with the same issue we addressed in *Taylor v. Special Indemnity Fund*, only in the present case the Legislature has not only provided for the Fund's payment of attorney's fees in § 172, but has also specified the amount of the fee the Fund is to pay.

¶ 23 A statute which is enacted for the primary purpose of dealing with a particular subject, and which prescribes the terms

---

**18.** Laws 2005, 1st Ex.Sess., c. 1, eff. July 1, 2005 (2005 Okla. Sess. Laws 2339–2413).

**19.** Laws 2005, 1st Ex.Sess., c. 1, 23, 28, eff. July 1, 2005 (2005 Okla. Sess. Laws 2397–2398, 2402–2405).

**20.** *Chamberlain v. American Airlines*, 1987 OK 62, 740 P.2d 717, 722.

**21.** *Taylor v. Special Indemnity Fund*, 1990 OK 106, 804 P.2d 431.

**22.** *Taylor v. Special Indemnity Fund*, 804 P.2d at 432.

**23.** *Taylor*, 804 P.2d at 432.

The Legislature thereafter amended 85 O.S. § 30 (1992) to provide that the right to an attorney fee was vested at the time the award for the fee became final and a lump sum award could be deducted from periodic payments; and § 30 was amended again (1994) to provide an attorney's fees based upon a maximum of four hundred (400) weeks of compensation. *Hix v. White Swan Food Services*, 1996 OK 132, 930 P.2d 208, 211.

**24.** *Taylor*, 804 P.2d at 432.

**25.** See e.g., 85 O.S.Supp.2005 § 172 (B)(1): "...In permanent total disability cases the same may be paid in periodic payments ... or may be commuted to a lump-sum payment ... Permanent total awards from the Multiple Injury Trust Fund shall be payable for a period of five years or until the employee reaches sixty-five (65) years of age, whichever period is longer."; § 172 (B)(2) "Payment for permanent total disability ... may be paid in periodic installments or may be commuted to a lump-sum payment upon agreement..."; § 172(B)(3) "... paid in periodic payments, as set forth in Section 22 (85 O.S.) ... payable for a period of fifteen (15) years or until the employee reaches sixty-five (65) years of age.

**26.** 85 O.S.Supp.2005 § 172(F) states in part:

Awards that are not claimed within two (2) years of the date on which the award first becomes available shall be returned to the party who is responsible for payment of the award, less any attorney fees, as specified in the original court order awarding benefits for a material increase in disability resulting from a combination

and conditions of that particular subject matter, prevails over a general statute which does not refer to the particular subject matter, but does contain language which might be broad enough to cover the subject matter if the special statute was not in existence.[27] In summary, when there is a conflict between two statutes, one specific (or special) and one general, the statute enacted for the purpose of dealing with the subject matter controls over the general statute.[28]

¶ 24 The Legislature has provided for the amount of attorney's fees to be paid in § 172 in a specific statute stating the liabilities of the Multiple Injury Trust Fund. The Legislature has also provided for payment of attorney's fees in a general statute relating to attorney's fees in § 30. If possible, we must harmonize statutory language to minimize potential conflicting language in statutes involving the same subject.[29] We hold that the Fund's liability for attorney's fees in these cases is determined by the specific statute concerning payment of attorney's fees by the Fund, 85 O.S.Supp.2005 § 172(H).

---

of injuries. Payment of attorney fees shall be made separately from payment to a claimant.

**27.** *Taylor v. Special Indemnity Fund,* 804 P.2d at 432, quoting *Williamson v. Evans,* 1957 OK 304, 319 P.2d 1112, 1113.

**28.** *Scruggs v. Edwards,* 2007 OK 6, n. 11, 154 P.3d 1257, 1263, citing *Phillips v. Hedges,* 2005 OK 77, ¶ 12, 124 P.3d 227, 231.

**29.** *Ball v. Multiple Injury Trust Fund,* 2015 OK 64, n. 29, 360 P.3d 499.

**30.** See, e.g., *Yeatman v. Northern Oklahoma Resource Center of Enid,* 2004 OK 27, ¶ 16, 89 P.3d 1095, 1101 ("Any order of the workers' compensation court which makes or denies an award or otherwise determines the rights of the parties is final ... Failure to complain of error at that stage makes the decision final and impervious to any reconsideration.") (material and notes omitted); *Ross v. State Industrial Court,* 1964 OK 161, 394 P.2d 501, 505 ("Once an order of the State Industrial Court of effect that a certain alleged disability is not compensable, becomes final, then and in that event such alleged disability cannot be the basis for an order finding a change of condition for the worse."); *Wm. A. Smith Const. Co. v. Price,* 1938 OK 492, 183 Okla. 443, 83 P.2d 160, 161 ("After the Commission has entered its order it becomes final ... [t]he only relief which

---

### VII. Fund's Challenge to Exercise of Jurisdiction by Workers' Compensation Court of Existing Claims and Special Law Challenge

¶ 25 The Fund argues the various orders are collateral attacks upon the original orders awarding disability and attorney's fees. Part of this argument is that the attorneys were not awarded a specific fee, but a fee to be paid every fifth week and that fee has now abated with the death of the workers.

¶ 26 This Court has explained the long-recognized principle that a matter which had been litigated to the point of finality before the Workers' Compensation Court may not be litigated a second time.[30] Historically, the Workers' Compensation Court has possessed a continuing jurisdiction over a case to administer relief as the case developed,[31] provided the exercise of that jurisdiction is for a purpose of granting relief within the statutory authority of the court.[32] The Workers' Compensation Court of Existing Claims does possess jurisdiction to construe or interpret its previous final orders when those final orders determine whether that court has jurisdiction to provide relief in a matter then pending before that court.[33] In

---

petitioner has against the order or award is to appeal therefrom to the Supreme Court. The matters therein litigated cannot again be litigated.").

**31.** 85 O.S.2001 § 84 (A) states in part: "The power and jurisdiction of the Court over each case shall be continuing and it may, from time to time, make such modification or changes with respect to former findings or orders relating thereto. . . ."

**32.** *Orrick Stone v. Jeffries,* 1971 OK 116, 488 P.2d 1243 (a claimant may be awarded continuing medical treatment and care for as long as it may be needed even after temporary total disability payments for 300 weeks have been paid); *Pitchford v. Jim Powell Dozer, Inc.,* 2000 OK 12, 996 P.2d 935 (claimant must show a change in condition for the worse for the court to have authority to award medical treatment because previous final order for permanent partial disability did not award continuing medical treatment).

**33.** See, e.g., *Independent Oil & Gas Company et al. v. Mooney, et al.,* 1940 OK 244, 187 Okla. 472, 103 P.2d 557, 559 (In 1939 the Commission reviewed what had taken place before the Commission in 1924 to determine whether the Commission had jurisdiction to make an award in 1939); *Dutton v. City of Midwest City,* 2015 OK 51, ¶ 15, 353 P.3d 532, 538–539 (a court has

summary, jurisdiction to construe its previous final orders may occur in the context of a proceeding where the subject matter jurisdiction of the court has been invoked to hear a matter within that court's jurisdiction;[34] that is, the matter a party places before the Worker's Compensation Court for an adjudication must be a matter authorized by statute for adjudication.[35]

¶ 27 In the *Coburn* proceedings the attorney filed a motion to set for trial and "discuss attorney fees." The Fund responded and asserted as "affirmative defenses," "Deny attorney's fees due and owing," and then supplemented this language with assertions the fees had been paid for eighty weeks and also challenged the jurisdiction of the court to order fees in excess of eighty weeks. Similar language is found in the records of the other three cases before us. The matter the parties placed before the trial court for adjudication was whether the Fund had paid attorney's fees as required by previous final orders of that court.

jurisdiction to determine whether it has jurisdiction in the particular matter before the court).

**34.** *Dutton v. City of Midwest City,* 2015 OK 51, ¶ 16, 353 P.3d 532, 539 (Subject matter jurisdiction is the power to deal with the general subject involved in the action or the nature of the cause of action and the relief sought.); *Kentucky Fried Chicken of McAlester v. Snell,* 2014 OK 35, ¶ 15, 345 P.3d 351, 356 ("The workers' compensation court is a statutory tribunal of limited jurisdiction and has only such jurisdiction as is conferred by law.").

**35.** *Patterson v. Sue Estell Trucking Co., Inc.,* 2004 OK 66, ¶ 6, 95 P.3d 1087, 1088 ("The Worker's Compensation Act is in derogation of the common law and those statutes are the exclusive provisions governing benefits. Workers' eligibility for benefits, limitations on benefits, and circumstances which will cause those benefits to cease have been determined by our legislature. We may not employ rules of common law or equity to change those provisions."). Cf. *Cities Service Gas Co. v. Witt,* 1972 OK 100, 500 P.2d 288, 291 (Workers' Compensation Court possess jurisdiction conferred by statutes and jurisdiction may not be enlarged by application of a common-law equitable estoppel).

**36.** 1942 OK 178, 191 Okla. 12, 126 P.2d 718.

**37.** *Smith,* 126 P.2d at 719, citing 85 O.S.1941 § 41. Cf. *O.C. Whitaker, Inc. v. Dillingham,* 1944 OK 282, 194 Okla. 421, 152 P.2d 371 (A proceeding before the State Industrial Commission to

¶ 28 In *Smith v. Oklahoma Portland Cement Co.,*[36] we explained the State Industrial Commission possessed jurisdiction to hold a proceeding brought to determine whether payment had been made as directed in a previous final order of the Commission.[37] We described the duty of the Commission to hear a claim of nonpayment as a "mandatory duty of hearing and disposing of claims arising under its jurisdiction on the merits."[38] *Smith's* reliance on 85 O.S. § 41 is still appropriate for our analysis because the Workers' Compensation Court of Existing Claims possesses jurisdiction pursuant to 85 O.S. 2001 § 41 to determine whether a payment has been made as previously ordered by the court, although the court may not certify its order for enforcement against the Fund in the District Court.[39] Section 41(C) states in part: "Failure for ten (10) days to pay any final award or portion thereof, as ordered shall immediately entitle the beneficiary to an order finding the respondent and/or insurance carrier to be in default and all unpaid portions, including future periodic payments

certify an award to the District Court of Oklahoma County based upon a previous Commission order for payment of attorney's fee.).

**38.** *Smith,* 126 P.2d at 719–720, citing *Royal Mining Co. v. Murray,* 1933 OK 653, 167 Okla. 460, 30 P.2d 185.

**39.** The Workers' Compensation Court of Existing Claims "shall have full power and authority to determine all questions in relation to payment of claims for compensation under the provisions of the Worker's Compensation Code." 85A O.S.Supp.2013 § 400(I).

The "Workers' Compensation Code in effect prior to the effective date of the this act ["Administrative Workers' Compensation Act"] shall govern all rights in respect to claims for injuries and death based on accidents occurring before the effective date of this act." 85A O.S.Supp. 2013 § 3 (explanation added).

Title 85 O.S. § 41 (C) states in part: "Failure for ten (10) days to pay any final award or portion thereof, as ordered shall immediately entitle the beneficiary to an order finding the respondent and/or insurance carrier to be in default...." See *State Insurance Fund v. Brooks,* 1988 OK 50, n. 9, 755 P.2d 653, 656 (Court explained that the "Workers' Compensation Court is vested with exclusive jurisdiction to determine and enforce a compensation risk carrier's liability to a claimant" and supported authority included 85 O.S.Supp.1986 § 26(B); 85

installments unpaid, shall immediately become due and may be immediately enforced as provided by Section 42 of this title." While § 41 contains no language limiting its application to the Fund, our recent opinion in *Dean v. Multiple Injury Trust Fund*[40] held that an award against the Fund cannot be certified to a District Court using the procedure in 85 O.S.2001 § .42.[41] However, *Dean* did recognize the statutory requirement "on or after November 1, 2001, compensation ordered to be paid from the MITF shall bear simple interest only at the percentage rate applicable to judgments in civil cases pursuant to § 727 of title 12."[42]

¶ 29 The "procedures to obtain benefits shall be determined by the workers' compensation law of this state in effect on the date of injury."[43] Both 85 O.S.Supp.2005 § 30 and § 172(H) state the attorney fee awarded is "vested." The rights that come to be vested in every final judgment constitute private property within the meaning of the Due Process provision of the Oklahoma Constitution.[44] We conclude that the allegations of the claimants' attorneys that the Fund unilaterally stopped payments previously ordered by the court were sufficient to invoke the statutory continuing subject matter jurisdiction of that court to interpret its previous orders and determine if the payments had been erroneously stopped by the Fund and *if* interest was due on payments the Fund had declined to make.

¶ 30 The Fund relies upon *Batt v. Special Indemnity Fund*, where we explained the attorney's fee was part of the claimant's award and abated upon the claimant's death.[45] In *Batt*, we explained the workers'

compensation statute in force at the time of claimant's injury applies to an award of an attorney's fee, and the then recently amended language in § 30 providing for vesting of attorney's fees did not apply to the claimant's attorney in that case because the claimant's injury predated the statutory change.[46] Then in *Hix v. White Swan Food Services*, we explained when a claimant dies before the entire award is recouped, there can be no reduction in the amount of the attorney fee earned.[47] In *Hix*, the Fund argued "the attorney's fee was limited to 20% of the amount actually paid to claimant" prior to the claimant's death. The Workers' Compensation Court adopted the Fund's argument and "ruled that the claimant's attorney's fee was limited to 20% of the amount actually received by the claimant prior to his death." We explained the value of the attorney's services had been established by the original order awarding $23,100 as a lump sum attorney's fee in the matter prior to the death of the claimant, and the Workers' Compensation Court erred by reducing the attorney's fee due to the claimant's death.[48]

¶ 31 The attorneys in this case were entitled to be awarded an attorney's fee "equal to twenty percent (20%) of permanent disability benefits awarded." 85 O.S.Supp.2005 § 172(H). This statute also states in part: "All benefits awarded to the attorney shall be vested." *Id.* The Fund's argument asks us to rewrite the 2005 statute and make the amount vested to be either (1) indeterminate at the time of the award, or (2) determinate at the time of the award but limited to 20% of 400 weeks of disability compensation. Section 172 states the attorney's fee shall be a

---

O.S.1981 §§ 65.3, 64, and 41(C)). See the discussion of 85 O.S. § 41 *infra.*

**40.** 2006 OK 78, 145 P.3d 1097.

**41.** *Dean*, 2006 OK ¶ 27, 145 P.3d at 1105, ("The workers' compensation court was correct in its construction of 85 O.S.2001, § 42, that awards against the MITF cannot be certified to district court.").

**42.** *Dean*, 2006 OK 78, ¶ 11, 145 P.3d at 1101.

**43.** 85A O.S.Supp. 2015 § 400(L) at note 4 *supra.*

**44.** *Messenger v. Messenger*, 1992 OK 27, 827 P.2d 865, 872, citing Okla. Const. Art. 2 § 7 ("No

person shall be deprived of life, liberty, or property, without due process of law.").

**45.** *Batt v. Special Indemnity Fund*, 1993 OK 163, 865 P.2d 1244.

**46.** *Batt v. Special Indemnity Fund*, 865 P.2d at 1247 ("Whatever the implications of the 1992 amendment, because the language was not in effect at the time of Employee's injury, it does not govern the case at hand.").

**47.** *Hix v. White Swan Food Services*, 1996 OK 132, 930 P.2d 208.

**48.** *Hix*, 930 P.2d at 212–213.

"fee equal to twenty percent (20%) of permanent disability benefits awarded." The orders in the cases before us awarded a § 20% fee by directing payment "of every 5th weekly check" as an attorney's fee. The statutory language is 20% of the amount of permanent disability benefits "awarded" and *not* 20% of 400 weeks of compensation or 20% of the permanent disability benefits actually paid to the claimant and claimant's surviving spouse. The attorney's fee to be awarded pursuant to § 172(H) is *not* limited to an amount equal to 20% of 400 weeks of compensation. The language in § 172(H) is not ambiguous and we apply this language as an expression of legislative intent which we are not empowered to rewrite.[49]

¶ 32 The Fund argues that when the Workers' Compensation Court of Existing Claims considered the attorneys' requests for a hearing on the amount of fees owed the court incorrectly "converted a right to receive a periodic payment to a right to receive a lump sum fee."[50] The Fund is incorrect. In *Coburn*, the trial judge determined a total disability amount of fifteen years had been awarded to Coburn and the 20% attorney's fee awarded was "payable every 5th week, at the rate of $289.00 per week, until fully paid." The trial court did determine the total dollar amount awarded as an attorney's fee, $45,084.00, but that amount was not converted into a lump sum payment. The trial court

ordered an accounting of fees paid to date, and awarded interest on the amount due since the attorney's fees were last paid.[51] Similar language appears in the trial judge's orders in the other cases before us.[52] The phrase "lump sum" has been used in workers' compensation jurisprudence for many years to distinguish a method of payment, that is, payment in one sum as opposed to periodic payments.[53] The court ordered the Fund to continue the periodic payments and pay with interest the periodic payments which were due and unpaid. A lump sum award was not made.

¶ 33 The last argument made by the Fund is that § 172(H) is an unconstitutional special law because attorney's fees against the Funds are not limited by the 400–weeks language in § 30. The Fund cites Okla. Const. Art. 5, § 59 which provides: "[l]aws of a general nature shall have a uniform operation throughout the State, and where a general law can be made applicable, no special law shall be enacted."

¶ 34 The Fund argues "there is no valid reason [for § 172(H)] to differentiate between employers and the Fund for purposes of an attorney fee on awards of permanent total disability benefits."[54] One part of a "special law" analysis is whether the legislative classification is based upon "some distinctive characteristic warranting different treatment and that furnishes a practical and reasonable

49. *Torres v. Seaboard Foods, L.L.C.*, 2016 OK 20, ¶ 11, 373 P.3d 1057, 1065 ("If the language of the statute is plain and unambiguous, the legislative intent is deemed to be expressed by the statutory language."); *Yocum v. Greenbriar Nursing Home*, 2005 OK 27, ¶ 10, 130 P.3d 213, 219 (If the text of a workers' compensation statute is plain and unambiguous, the Court's duty stands confined to making it enforceable.).

50. Fund's Combined Brief (Sept. 23, 2016) at p. 13.

51. *Coburn v. Multiple Injury Trust Fund*, Okla. Sup. Ct. No. 115,152, O.R. at p. 85 (Order of Judge Evans, Dec. 18, 2015).

52. *Sturdivant v. Multiple Injury Trust Fund*, Okla. Sup. Ct. No. 115,153, O.R. at p. 45 (Order of Judge Evans, Dec. 18, 2015) ($45,084.00, payable every 5th week, at the rate of $289.00 per week); *Crosslin v. Multiple Injury Trust Fund*, Okla. Sup. Ct. No. 115,154, O.R. at p. 60 (Order

of Judge Evans, Dec. 18, 2015) ($45,084.00, payable every 5th week, at the rate of $289.00 per week); and *Williams v. Multiple Injury Trust Fund*, Okla. Sup. Ct. No. 115,155, O.R. at p. 98 (Order of Judge Evans, Dec. 18, 2015) ($47,-453.80, payable every 5th week, at the rate of $289.00 per week).

53. *Loyd v. Michelin North America, Inc.*, 2016 OK 46, ¶ 6, 371 P.3d 488, 491 quoting 85 O.S. 2001 § 41(A), which states in part: "Whenever an injured person receives an award for permanent partial disability, permanent total disability or death benefits, the injured employee or claimant, for good cause shown, may have the award commuted to a lump-sum payment by permission of the Court." *See, e.g., Derr v. Weaver*, 1935 OK 1223, 173 Okla. 140, 47 P.2d 573 (explaining commuting periodic payments to a lump sum payment).

54. Fund's Combined Brief (Sept. 23, 2016) at pp. 16–17 (explanation added).

basis for discrimination."[55] In *Dean v. Multiple Injury Trust Fund, supra,* the Fund argued the Legislature in 85 O.S.2001 § 42 could constitutionally classify the Fund's obligations for a different treatment *because the Fund's obligations warranted different treatment.*[56] In the present case the Fund argues the opposite.

¶ 35 Our opinions have recognized the concept that in some circumstances an attorney's fee may include an amount characterized as an incentive.[57] The Legislature's classification of attorney's fees awarded against the Fund pursuant to § 172(H) provides a fixed 20% fee which does not abate upon the death of the claimant, and this appears to be a statutory incentive approved by the Legislature. We need not make a list of the distinguishing characteristics of the Fund since the one we discussed in *Dean* will suffice. A legislative classification which removes awards against the Fund from the normal procedure of enforcement in the District Court has the effect of discouraging lawyers in taking such cases and representing injured workers against the Fund. The statutory language construed in *Dean* which removed the Fund from a statutory enforcement mechanism was enacted in 1994.[58] In 2005, the Legislature appears to have created an incentive for lawyers to take clients seeking compensation from the Fund in the absence of a claimant's § 42 right to a statutory enforcement mechanism. The legislative classification in § 172(H) is based upon a distinctive treatment with a reasonable basis. The Legislature did not enact an unconstitutional special law when it created 85 O.S. § 172(H).

## VIII. Conclusion

¶ 36 We hold this Court has jurisdiction to review a decision of the Workers' Compen-

sation Court of Existing Claims when a party aggrieved by that decision has filed a timely petition for review in this Court in accordance with the law in effect prior to February 1, 2014. We hold the Workers' Compensation Court of Existing Claims has jurisdiction to determine if the Fund has made payments as required by the court's previous orders. We hold the Multiple Injury Trust Fund's liability for attorney's fees in these cases is determined by the specific statute concerning payment of attorney's fees by the Fund, 85 O.S.Supp.2005 § 172(H). We hold 85 O.S.Supp. 2005 § 172(H) is not an unconstitutional special law.

¶ 37 Four orders of the three-judge panel of the Workers' Compensation Court of Existing Claims are brought for our review in four review proceedings: (1) No. 115,152—Multiple Injury Trust Fund v. Willie A. Coburn; (2) No. 115,153—Multiple Injury Trust Fund v. Billie H. Sturdivant; (3) No. 115,-154—Multiple Injury Trust Fund v. Charles E. Crosslin; and (4) No. 115,155—Multiple Injury Trust Fund v. Lymon Williams, and each order of these four orders of the three-judge panel is sustained.

¶ 38 COMBS, C.J., GURICH, V.C.J., and KAUGER, WATT, WINCHESTER, EDMONDSON, TAYLOR, and REIF, JJ., concur.

¶ 39 COLBERT, J., not participating.

**55.** *Vasquez v. Dillard's, Inc.,* 2016 OK 89, ¶ 31, 381 P.3d 768, 774, quoting *Grant v. Goodyear Tire & Rubber Co.,* 2000 OK 41, ¶ 10, 5 P.3d 594, 598.

**56.** *See, e.g., Torres v. Seaboard Foods, L.L.C.,* 2016 OK 20, ¶ 2, 373 P.3d 1057 –1083, (Combs, V.C.J., concurring specially and joined by Watt, J., stating that in *Dean,* because of its unique status and continuing problem with timely payment of awards due to lack of funds, this Court determined treating the Multiple Injury Trust

Fund different from other workers compensation insurers satisfied Okla. Const. Art. 2 §§ 6, 7.).

**57.** *Spencer v. Oklahoma Gas and Electric Co.,* 2007 OK 76, ¶ 27, n. 33, 171 P.3d 890, 898, citing *Burk v. City of Oklahoma City,* 1979 OK 115, 598 P.2d 659 (Court approved a 40% incentive fee).

**58.** 85 O.S.Supp.1995 § 42 (citing Laws 1994, 2nd Ex. Sess., c. 1, 32, emerg. eff. Nov. 4, 1994).